O’Neall, J.
delivered the opinion of the Court.
On so much of the case as relates to .the order made by O’Neall, J. for the issuing of the mandamus, it is not thought necessary to do more than to express our concurrence in his judgment, and to refer to his opinion accompanying it for the reasons, which are entirely satisfactory to us.
On the other branch of the case, relating to the right of appeal and its consequences, it will be necessary to state our views. I have no doubt that in every case, and on every matter, a party has the right to appeal from a decision made in the Courts below, either in Term time or vacation, and to ask the judgment of this Court upon the same. That is what is guaranteed to every one, by the constitutional provision requiring the Judges to “ meet and sit for the purpose of hearing all motions which may be made for new trials, and in arrest of judgment, and such points of law as may be submitted to them.” — 3d sec. 10th Art. of the Con. of So. Ca., Amendment of the same, 19th Dec. 1816, 1 Stat. 191-193. This provision no doubt grew out of the practice which preceded its adoption, of the assembling of the Judges at the close of their Circuits, to consider in Bank motions for new trial, in arrest of judgment, and other points of law by them reserved for adjudication. That was altogether voluntary: the Constitution made it compulsory, and enlarged the matters of appeal to all points which the parties might submit. Whether there be any matter which cannot be made a ground *256 of appeal, is perhaps questionable. Mere interlocutory orders,, which do not have any final effect on the rights of the parties, it has been thought were not the subject of appeal, but I do not see how, at law, we can adopt any such rule. With us every order operates upon the matter to which it is addressed, in a way to injure or benefit the parties, and may affect materially their rights. Hence I perceive no ground on which we can deny the right of appeal, on even interlocutory orders. Whether the party will derive any benefit from such appeal, is altogether another matter. Many such orders are entirely discretionary, and in such cases this Court seldom, if ever, interferes. So too it does not follow that an appeal will affect the execution of an order, in every instance. In many instances they must be carried out, pending an appeal, as in orders for the filing of papers, declarations, pleas, &c. They are filed pursuant to the order. The appeal goes on, and if the order be set aside, the papers are taken off the file, and thus the matter is ended.
In this case, I have mo doubt the appellants could appeal both from my decision, awarding the mandamus, and that of Judge Frost, giving the party leave to sue out a peremptory mandamus, or an attachment, as he might be advised. But notwithstanding the appeal, I have also no doubt that the orders must be executed, and that the appeal was in neither case a supersedeas. And such is clearly the authorities. In the Dean and Chapter of Dublin v. Dowgatt, 1 Pierre Williams, 351, it was said that error lay upon an application for a mandamus, yet that it was no supersedeas to the peremptory mandamus, for that such a construction would quite defeat the end of the statute, and prevent the officer who was chosen annually from having any fruit of the mandamus. In the Dean and Chapter of Dublin ads. The King, Brown’s Par. Cases, actions, 7th case, page 76, it is said that all the Judges held that “no writ of error will lie upon a peremptory mandamus.” This ruling would even exclude the appeal,, but here that, I think, cannot be done, for the reasons already stated. Still we are at liberty to adopt the result of the English adjudications, by holding that, notwithstanding the appeal, the mandamus must be executed. Otherwise, as-is said in Pierre Williams, the party would have no fruit of the mandamus. For here, as in the case there stated, the relator’s employment was very much an annual one. True,, it did not necessarily terminate at the end of the year, but the work was to be done in part, or in the whole, before the meeting of the Legislature, and to be by them then paid for. If the appeal had prevented the execution of the mandamus, *257 the party would have lost a year’s work and compensation. So, too, the work was a public one, directed to be done immediately, and indeed in the very process of execution. To allow the appeal, was to defeat the public interest. There was no injury to the respondents in executing the mandamus. They had no counter interest in the work proposed-to be done by the relator. If their appeal succeeded, they had, by the execution of the mandamus, lost nothing. For its only effect was to enable them to push him out of the office, and possibly to say to him, “pay us for every search and copy you have made.” Notwithstanding the mandamus, these claims (if having any legal foundation,) then, and even during its execution, might have been enforced by action. The motions are dismissed.
Richardson, J. Evans, J. Frost, J. Withers, J. and Wardlaw, J. concurred.

Motions refused.