18874

Lloyd BELL, Jr., Appellant, v. Hogan J. BOYD, Mary Boyd and the Federal Land Bank of Columbia, defendants of whom Hogan J. Boyd and Mary Boyd are, Respondents.

(166 S. E. (2d) 104)

*Messrs. Connor & Connor,* of Kingstee, *for Appellant,*

*A. L. King, Esq.,* of Georgetown, *for Respondents,*

February 19, 1969.

BUSSEY, Justice.

This is an action for a declaratory judgment wherein plaintiff seeks to have determined his rights with respect to either two parcels of land or, in the alternative, the purchase prices allegedly paid therefor and the valuable improvements allegedly made by him upon such real estate. The respondents, Hogan J. Boyd and Mary Boyd, are husband and wife. The Federal Land Bank of Columbia was

made a party as the holder of a mortgage over the premises in question, no relief, however, being sought against it, it being conceded that such mortgage was taken without notice of plaintiff's claims and that the same is a valid lien over the entire premises. According to the complaint, the facts are as follows.

Hogan J. Boyd acquired in September 1956 a tract of land situated in Anderson Township, Williamsburg County, South Carolina, and in late 1956 or early 1957 entered into an oral agreement with plaintiff to sell him a lot, such lot being a portion of the larger tract acquired by Boyd and being particularly described in the complaint. Pursuant to such agreement, the purchase price in the amount of $80.00 was paid, and the plaintiff entered into possession thereof but received no deed therefor. This parcel of land we shall refer to as Lot No. 1 for convenience. Thereafter, without having given a deed to plaintiff, Hogan J. Boyd on October 21, 1958, conveyed all real estate owned by him to his wife, Mary Boyd, without consideration, who received said conveyance with full knowledge of the purchase of Lot No. 1 by the plaintiff.

Thereafter, on June 6, 1962, Hogan J. Boyd, acting as agent of Mary Boyd and with her approval, sold to the plaintiff for the sum of $400.00, actually paid, a lot, not particularly described in the complaint, which adjoined the first lot above mentioned. Acting upon the assurances of both defendants that a deed would be given to the two parcels, plaintiff in good faith proceeded to build a house upon Lot No. 1 and to further improve such premsies, expending therefor the sum of $4,000.00. The defendants have so far refused to deliver any title to the plaintiff; have attempted to bar him from the use of the premises, and have refused to refund the sums obtained from him.

The plaintiff prayed that the court determine the rights of the parties and issue a decree in his favor for either the property or for the sums of money obtained from him by the

defendants and the value of the improvements made by him upon their assurances that a deed would be executed.

The answer of Hogan J. Boyd denied most of the material allegations of the complaint and, additionally, alleged, inter alia, that such expenditures as might have been made to improve the real estate by the plaintiff were made with full knowledge of the fact that the property was owned by Mary Boyd, and that he had no authority to authorize the plaintiff to make any improvements upon such property. The answer of Mary Boyd asserted only the defense of *res judicata,* which plea was based upon orders of the court in a proceeding in the Court of Common Pleas for Williamsburg County, entitled *Mary Boyd, Petitioner v. LaMont Wheeler and Boyle Lanes,* Respondents. Based on this answer, she thereafter moved for judgment on the pleadings, which motion was granted. The plaintiff now appeals.

In the proceeding, which was the basis of the plea of res judicata, Mary Boyd sought to enjoin LaMont Wheeler and Boyle Lanes from trespassing upon a rather vaguely described lot of land which apparently was Lot No. 1 hereinabove mentioned. It appears that Boyle Lanes was only a casual employee of Wheeler and had no interest in the controversy. The return filed on behalf of Wheeler in that proceeding alleged that he was in possession of the property involved by virtue of a deed from Lloyd Bell, Jr., (the plaintiff in this action), dated November 16, 1965 and recorded November 30, 1965; that he obtained possession thereof from the said Bell on April 1, 1965, and that Bell had been in possession thereof since the year 1956. It was further alleged that it was Wheeler's understanding that Bell had acquired the premises there involved under parol sale from Hogan Boyd, paying the sum of $80.00 therefor and had built a home thereon. To such return Mary Boyd demurred. The court thereupon adjudged the return insufficient in that it failed to show any interest in Wheeler which diminished the record title of Mary Boyd and, in a separate order, the injunction prayed for by her was granted.

The gravamen of the complaint in this action, as against Mary Boyd, is that she had full knowledge of, participated in and acquiesced in the dealings had by plaintiff with both her and her husband, with respect to the property involved. No such act or facts were asserted or relied upon by Wheeler in his defense of the trespass proceedings.

The essential elements of res judicata are identity of the parties, identity of the subject matter, and an adjudication, on the merits, in the former suit of the precise question sought to be raised in the second suit. *Whetsell v. Sovereign Camp,* W.O.W. 188 S. C. 106, 198 S. E. 153 (1938); *Roberts v. Jones,* 71 S. C. 404, 51 S. E. 240 (1905); *Gist v. Davis,* 11 S. C. Eq. (2 Hill 335) (1835), and various cases cited in West's South Carolina Digest, Judgment, §540.

In the instant case we need to consider only the presence or absence of one essential element of res judicata in order to properly dispose of the appeal. Was there in the former proceeding an adjudication, on the merits, of the precise issues involved in the present action?

As we analyze and construe the two orders of the court in the injunction proceeding, one ruling the return on behalf of the respondent Wheeler insufficient, and the other granting the injunction, it would appear that nothing more was adjudicated than that the return had failed to allege sufficient facts to constitute a defense.

"The general rule is that a judgment rendered by reason of defective pleadings is not considered on the merits within the operation of the doctrine of res judicata." 30A Am. Jur. 393, Judgments, Sec. 351.

It is unnecessary, however, for us to decide what, if any issue, was adjudicated on its merits in the former proceeding. It is sufficient to decide, as we do, that the precise issues involved in this case were not adjudicated on the merits in the former proceeding.

The appeal raises certain other questions with respect to the order appealed from, but it is unnecessary to discuss such. The matters complained of were incident to and a by-product of the lower court erroneously sustaining the plea of res judicata. The entire order of the lower court is reversed.

Reversed and remanded.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.