DORCHESTER COUNTY SCHOOL DISTRICT THREE, Leon Addison, Ellis Boyd, Jr., William Boyd, Jr., Gladys Gardner, Nancy Hargrove, Rachel Jenkins, and Larry Marchant, in their official capacity as members of the Board of Trustees of Dorchester County School District Three, Appellants-Respondents v. DORCHESTER COUNTY COUNCIL, George P. Knight, James D. Cooper, Jr., Wayne H. Reeves, Don Handelsman, Sandra L. Willis, Richard Sweat, and Kenneth F. Waggoner, in their official capacities as members of Dorchester County Council; Roderick Evans, in his official capacity as Auditor for Dorchester County; and Patsy G. Knight, in her official capacity as Treasurer of Dorchester County, Respondents-Appellants.

(347 S. E. (2d) 93)

Supreme Court

Feb. 13, 1986.

## ORDER

This matter is before the full Court on cross-petitions for writs of supersedeas. Appellants-Respondents (School Board) seek supersedeas of a writ of mandamus compelling

it to submit a budget to Respondents-Appellants (County Council). County Council seeks supersedeas of a writ of mandamus compelling it to impose a tax levy in an amount sufficient to meet the minimum requirements of the Education Finance Act of 1977.

We hold the filing of the Notices of Intent to Appeal does not automatically stay the writs. *State v. Young*, 66 S. C. 115, 44 S. E. 586 (1903); *Pinckney v. Henegan*, 33 S.C.L. (2 Strob.) 250 (1848). However, finding that the lower court exceeded the scope of its authority, we grant both petitions for supersedeas.

This Court, however, is compelled by the circumstances of this case to issue the following writ of mandamus.

County Council is ordered to consider all submitted budgets for one week, at which time it shall either adopt or reject them. In any case, the Council shall approve and adopt a budget by Friday, February 21, 1986. Act 230 of 1985.

Failure to comply with any provision of this order shall be punishable as contempt of this Court. Both parties are reminded that the paramount concern here is the welfare of the children of Dorchester County School District 3. *Cf., Kizer v. Dorchester County Vocational Education Board of Trustees*, 287 S. C. 542, 340 S. E. (2d) 144 (1986); *Brown v. Board of Education*, 347 U. S. 483, 74 S. Ct. 686, 98 L. Ed. 873 (1954).

It is so ordered.