1589

John R. JAYNES and Patricia M. Jaynes, Appellants v. COUNTY OF FAIRFIELD, Respondent.

(401 S.E. (2d) 183)

Court of Appeals

*Donald E. Rothwell* of *The Rothwell Law Firm,* Columbia, *for appellants.*

*Monteith P. Todd* and *Barbara H. McArthur* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent.*

Heard Nov. 7, 1990.

Decided Jan. 7, 1991.

GARDNER, Judge:

John R. Jaynes and Patricia M. Jaynes (the Jaynes) brought this action against the County of Fairfield asserting, *inter alia,* a cause of action for inverse condemnation. Both parties moved for summary judgment. The appealed order granted summary judgment in favor of the county. We affirm.

## ISSUE

The only issue of merit is whether the trial judge erred in holding that the Jaynes are barred by the doctrine of *res judicata.*

## FACTS

The Jaynes own a farm in Fairfield County which has a road running through part of it. The issue of this case is whether the part of the road running through the Jaynes' property was private property or public property prior to the alleged inverse condemnation.

In 1986, Fairfield County brought an action against John R. Jaynes and Patricia M. Jaynes, and others. The first three paragraphs alleged:

1. That the Plaintiff is a county duly organized and existing under the laws of the State of South Carolina;
2. That the road known as Postal Road, also known as Old Post Office Road, also known as Douglas Road, which lies between Syrup Mill Road and Devils Racetrack Road, is located wholly in Fairfield County;
3. That the Plaintiff is informed and believes that the Defendants own property abutting the Road which is the subject of this action;

The complaint further alleged that for a number of years no public money had been spent for the maintenance of the sub-

ject road and that it was unsuitable for regular vehicular traffic. The county also alleged that the road had been abandoned by the public and was no longer required for the use or convenience of the public. The county then prayed that it be permitted to abandon the road.

The Jaynes, after a conversation with the county attorney, neither pleaded to the complaint nor appealed. Some of the other defendants did appear and on their motion, the Court of Common Pleas, Judge Peeples presiding, granted summary judgment to the defendants denying the right of the county to abandon the road described in the complaint.

In 1987, in a case entitled *Able v. County of Fairfield, et al.,* Civil Action # 87-CP-20-43, Able sought a writ of mandamus to compel the county to open and maintain the Old Post Office Road in compliance with Judge Peeples' order refusing the Petition for Abandonment. Able brought the action in response to the Jaynes' erection of a gate across the purported road. The county moved to join all adjoining property owners in the action but the judge refused, noting that no appeal had been taken from the previous abandonment order. The court then issued a writ of mandamus ordering the county to open and maintain the road.

The writ of mandamus precipated this action when the county removed gates placed by the Jaynes at the entrance of the subject road which runs through the Jaynes' property. In summary, the Jaynes' complaint alleges that the Old Post Office Road was a road created by use of local residents but that no easement over private property was ever granted the county. The Jaynes allege that an old logging road, not the Old Post Office Road, ran through their property and that they improved this road at considerable expense to themselves. The Jaynes further allege that the county attempted to take over this road and in so doing removed a gate they had placed at the entrance of their property and that the county's actions amounted to an involuntary condemnation of their property.

The contention of the Jaynes is that the Old Post Office Road has long ago ceased to exist and only vestiges of it now can be found. These vestiges, they claim, are about 20 yards west of the road which runs through the Jaynes' property. The Jaynes argue that by designating the road in the 1986 action as the Old Post Office Road, the county misled them and

that they did not realize that the county was referring to a road which they believe the county had no title to and which runs through their property. It is for this reason that the Jaynes claim they defaulted in the 1986 action.

The trial judge reviewed the pleadings in this case, the memoranda of law submitted by both parties, the information gained through discovery and the entire record in the first above-mentioned case of *Fairfield County v. John R. Jaynes, et al.*, Civil Action #86-CP-20-74 and the second above-mentioned case of *Able v. The County of Fairfield, supra.* After hearing oral argument from counsel for both parties, the trial judge granted the county's motion for summary judgment by the appealed order.

The only description of record before us of the Old Post Office Road is contained in the order in the *Able v. County* case. We quote:

> The Plaintiff is a taxpayer of Fairfield County and owns a parcel of land abutting the "Old Post Office Road" which lies in south-central Fairfield County. The "Old Post Office Road" runs between Road S-20-115, known as Raines Mill Road or Syrup Mill Road and the end of another County road, known as the Devil's Race Track Road. The "Old Post Office Road" and the Devil's Race Track Road intersect, as appears from the County maps in evidence in this action, a very short distance from Highway 321. The two ends of the "Old Post Office Road" have been marked with an "X" by a witness for the Plaintiff on Plaintiff's Exhibit "C." The "Old Post Office Road" is shown on Exhibit "B," a 1939 Fairfield County map and Exhibit "C," a 1972 Fairfield County Highway map. There is uncontraverted testimony that the road has been open for at least fifty (50) years and has been worked by Fairfield County in the past.

The maps referred to are before this Court and were before the trial judge when he decided the motion for summary judgment in this case resulting in this appeal. The road above described is clearly shown on the 1939 Fairfield County map referred to above.

## DISCUSSION

Under the doctrine of *res judicata*, a final judgment on the merits in a prior action will bar the parties in a second action to matters litigated and matters which might have been litigated. *Jimmy Martin Realty, Co., Inc. v. Fameco Dist., Inc.*, 300 S.C. 192, 386 S.E. (2d) 803 (Ct. App. 1989).

Despite the Jaynes' argument that they were misled by the description of the road in the county's 1986 action, that complaint, we hold, fairly advised the Jaynes that the county claimed title to a road abutting their property. The Jaynes knew that an old logging road ran through their property. They assert that they believe that they had title to that part of the old logging road which runs through their property. Under these circumstances, we find that in the 1986 action the Jaynes could have by answer or counterclaim[1] asserted their claim of ownership of the road running through their property and thereby put in issue the question of title to the road. We hold, therefore, that the trial judge properly ruled that the Jaynes are barred by the doctrine of *res judicata* from asserting title to the road running through their property.

For the reasons stated above, we hold that the trial judge properly granted summary judgment to the county.

Affirmed.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.

---

[1] The compulsory counterclaim is governed by Rule 13(a) of the South Carolina Rules of Civil Procedure. The South Carolina Supreme Court has held that a counterclaim is compulsory if there is a logical relationship between the claim and the counterclaim. *N.C. Federal Savings & Loan Assoc. v. DAV Corp.*, 298 S.C. 514, 381 S.E. (2d) 903 (1989). We hold that the county's complaint in the 1986 action fairly asserted a set of facts which created a logical relationship between the road described in the county's complaint and the road which the Jaynes claim is on their own property.