23634

SUB-ZERO FREEZER COMPANY, Respondent v. R.J. CLARKSON
COMPANY, Appellant.

(417 S.E. (2d) 569)

Supreme Court

*S. Jahue Moore,* of *Kirkland, Wilson, Moore, Allen, Deneed & Taylor,* West Columbia, *for appellant.*

*Benjamin Edward Nicholson, V,* of *The McNair Law Firm,* Columbia, *for respondent.*

Heard March 11, 1992.

Decided April 13, 1992.

TOAL, Justice:

Appellant ("Clarkson") appeals the Circuit Court's order dismissing its counterclaims to a Wisconsin judgment as barred by *res judicata* and entering the Wisconsin judgment in South Carolina. We affirm.

## FACTS

Prior to 1988, Clarkson, a South Carolina company, was a distributor of Sub-Zero products. Sub-Zero is a Wisconsin corporation. Clarkson sued Sub-Zero in Circuit Court in 1988 for claims arising out of the distributorship. Sub-Zero removed the case to federal district court. Thereafter, the parties entered into a settlement agreement. In the settlement agreement, Clarkson agreed to pay $132,878.93 to Sub-Zero, and Sub-Zero agreed to repurchase certain parts inventory from Clarkson. The settlement stipulated that it represented "a definitive resolution of any and all controversies" between the parties. Citing the agreement of the parties, the district court dismissed the lawsuit under Federal Civil Procedure Rule 41(a)(2).

When Clarkson failed to make the payments as required in the settlement agreement, Sub-Zero sued Clarkson in Wisconsin for breach of the settlement agreement. Clarkson claimed the Wisconsin courts did not have personal jurisdiction. The lower Wisconsin court assumed jurisdiction and Clarkson appealed. The Wisconsin Court of Appeals affirmed the lower court in *Sub-Zero Freezer Co. v. R.J. Clarkson Co.*, 159 Wis. (2d) 230, 464 N.W. (2d) 52 (Ct. App. 1990). The action proceeded to trial. The Wisconsin trial court held that Sub-Zero was entitled to a judgment in the amount of $98,316.56 against Clarkson for Clarkson's breach of the settlement agreement. The Court also found that Sub-Zero had not breached the settlement agreement.

Sub-Zero brought an action in the South Carolina Circuit Court to enforce its Wisconsin judgment. Clarkson answered and counterclaimed. The Circuit Court dismissed Clarkson's counterclaims as barred by the doctrine of *res judicata* and entered summary judgment in favor of Sub-Zero.

Clarkson appeals that order on two grounds. First, Clarkson claims that the Wisconsin judgment was not properly before the circuit Court. Secondly, Clarkson claims the the Circuit Court judge erred in dismissing its third, fourth, fifth and

sixth defenses as barred by *res judicata.* Sub-Zero has motioned this Court under South Carolina Appellate Rule 222(e) for actual attorney's fees on appeal in the amount of $1,000.00

## LAW/ANALYSIS

Clarkson claims that the Wisconsin judgment was not properly before the Circuit Court because Sub-Zero did not comply with South Carolina Rule of Civil Procedure 44(a)(1). Rule 44(a)(1) states that states that

> [a]n official record or entry . . . may be evidenced by . . . a copy attested by the officer having legal custody of the record, or by deputy, and accompanied with a certificate that such officer has the custody. . . . [T]he certificate may be made by a judge of a court of record . . . in which the record is kept, authenticated by the seal of court, or may be made by any public officer having a seal of office and having official duties in the political subdivision in which the record is kept, authenticated by the seal of his office.

The record contains a copy of the Wisconsin Circuit Court order and a document of certification certifying that the copy is a true copy of the original order. The document of certification is signed by the Deputy Clerk for Dane County, Wisconsin. The document also certifies that Judith A. Coleman is the Clerk of Court for Dane County, Wisconsin signed by Gerald C. Nichol, Presiding Circuit Court Judge. Finally, the Clerk of Court certified that Gerald C. Nichol is the Presiding Circuit Judge and the document of certification bears the seal of the Circuit Court, Dane County, Wisconsin. From the record, it is clear that Sub-Zero complied with South Carolina Rules of Civil Procedure 44(a)(1). The Wisconsin order was properly admitted by the Circuit Court judge.

Clarkson also claims the trial judge erred in ruling that Clarkson's counterclaims were barred by the doctrine of *res judicata. Res judicata* bars subsequent suit by the same parties on the same issues. *Bell v. Boyd,* 252 S.C. 289, 166 S.E. (2d) 104 (1969). *Res judicata* also bars subsequent suit by the same parties when the claims arise out of the same transaction or occurrence that is the subject of the

prior suit between those parties. *Jaynes v. County of Fairfield*, 303 S.C. 434, 401 S.E. (2d) 183 (Ct. App. 1991).[1]

■ Clarkson claimed as a third defense that Sub-Zero owed it $12,000.00 under the settlement agreement. This issue was before the Wisconsin Court. The Wisconsin Court specifically found that Sub-Zero had not breached the agreement and that Clarkson was not entitled to set-off. Thus, the Circuit Court properly dismissed this claim as barred by *res judicata. Bell v. Boyd*, 252 S.C. 289, 166 S.E. (2d) 104 (1969).

In the action brought in South Carolina, Clarkson's fourth defense was that Sub-Zero wrongfully terminated the distributorship. This issue was embodied in the settlement agreement from the original suit brought by Clarkson. "After a valid compromise agreement has been entered into any subsequent remedy of the parties with reference to the matters included therein must be based on the agreement." *W.T. Ferguson Lumber Co. v. Elliott*, 171 S.C. 455, 461, 172 S.E. 616, 618 (1934). Thus, Clarkson's only remedy on this claim was to attack the settlement agreement in the Wisconsin action. *See Jaynes v. County of Fairfield*, 303 S.C. 434, 401 S.E. (2d) 183 (Ct. App. 1991). Circuit Court properly dismissed the fourth defense.

The fifth and sixth defenses alleged that the settlement agreement was the product of fraud and that the settlement agreement violated South Carolina Unfair Trade Practices Act. Both of these claims arise out of the settlement agreement. Any claims related to the validity and legality of the settlement agreement could have been raised in the Wisconsin action. The claims are now barred as arising out of the same transaction as the prior suit. *See Jaynes v. County of Fairfield*, 303 S.C. 434, 401 S.E. (2d) 183 (Ct. App. 1991).

This Court has "indicated that the routine enforcement of foreign judgments in this state should not be time consuming or cumbersome." *Collins v. Sigmon*, 299 S.C. 464, 469 N. 2,

---

[1] Neither party argues that Wisconsin *res judicata* law applies to these claims. However, Wisconsin law of *res judicata* is in accord with South Carolina law. *See Juneau Square Corp. v. First Wisconsin National Bank*, 122 Wis. (2d) 673, 364 N.W. (2d) 164 (Wis. Ct. App. 1985).

385 S.E. (2d) 835, 838 N. 2 (1989). The issues in this case have been or could have been brought before the South Carolina Circuit Court twice, the District Court for South Carolina once, the Wisconsin Circuit court, the Wisconsin Supreme Court and this Court. All of Clarkson's claims arise out of the distributorship or the settlement agreement. The claims were either litigated in the prior actions or could have been so litigated. Thus, the trial court properly held that Clarkson's claims were barred by *res judicata* and entered judgment in favor of Sub-Zero. We affirm.

Finally, we address Sub-Zero's motion for attorney's fees incurred in defending this appeal. Under South Carolina Appellate Court Rule 222(b), attorney's fees are limited to $750.00 unless modified pursuant to motion under Rule 222(e). In order for the Court to award actual attorney's fees incurred, the prevailing party must make a motion to the Court within ten (10) days after the service of the statement of costs. The statement of costs must be served prior to the remittitur.[2] Rule 222(c), SCACR.

We have reviewed Sub-Zero's timely motion for attorney's fees in the amount of $1,000.00. Because we find the attorney's fees to be reasonable and because Sub-Zero prevailed entirely on appeal, Sub-Zero's motion for attorney's fees in the amount of $1,000.00 IS HEREBY GRANTED.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.

---

[2] The remittitur is usually made fifteen (15) days after the opinion is issued. *See* Rules 221(b), SCACR.