23668

REIDMAN CORPORATION, Appellant v. GREENVILLE STEEL STRUCTURES, INC., Respondent.

(419 S.E. (2d) 217)

Supreme Court

*C. Timothy Sullivan*, Greenville, *for appellant.*

*H. Clayton Walker, Jr.*, of *Baker, Barwick, Ravenel & Bender*, Columbia, and *Harry C. Walker*, Greenville, *for respondent.*

Heard April 20, 1992.

Decided June 8, 1992.

MOORE, Justice:

This is an appeal from an order granting respondent's motion to dismiss. The issue is whether the trial court erred in finding that the appellant's action was barred by *res judicata*. We affirm.

## FACTS

On January 9, 1989, appellant Riedman Corporation (Riedman) brought an action against respondent Greenville Steel Structures, Inc. (Greenville), alleging that Greenville owed it $5,722.00 in premiums for several insurance policies. Greenville answered and counterclaimed alleging that Riedman owed it $6,605.00 for excess premiums paid on several policies. The case was called for trial on January 16, 1990, by Judge McLeod. Riedman made a motion for a continuance which was denied. Judge McLeod, however, granted Riedman a motion made pursuant to Rule 40(c)(3), SCRCP, to strike the action from the calendar with leave to restore, and then proceeded to try Greenville's counterclaim. Greenville was awarded $6,420.50

On the same day, Judge Pyle signed the written order granting Riedman relief under Rule 40(c)(3) with leave to restore within one year. On January 16, 1991, Judge Pyle restored Riedman's action to the calendar. Greenville filed a motion to dismiss Riedman's action under Rule 12(b)(6), SCRP, on the ground that it was barred by *res judicata* because the counterclaim had been tried on January 16, 1990. Judge Simmons granted Greenville's motion and Riedman now appeals that order.

## DISCUSSION

Riedman's complaint was based on the alleged failure of Greenville to pay premiums for several insurance policies. Greenville counterclaimed on the ground that it had paid Riedman $6,605.00 in excess of the premiums because of cancellations, adjustments, and modifications of several policies. As Riedman concedes, the prime issue is one of accounting.

Riedman, however, claims that Judge McLeod only heard one side of the accounting issue when he tried the counterclaim. Riedman did not appeal from the judgment entered for Greenville on the counterclaim.

During the hearing on the motion to dismiss, Riedman stated that Greenville had proved a credit of $6,605.00 but that the amount Riedman alleged in its complaint may have already been offset by the $6,605.00. Reidman stated it did not know how it had reached the $5,722.00 figure it claimed in its complaint because it did not have its records when the counterclaim was tried. Riedman argued that it had a right to put its records in evidence and determine any adjustments.

To establish *res judicata*, three elements must be shown: (1) identify of the parties; (2) identify of the subject matter; and (3) adjudication of the issue in the former suit. *Sealy v. Dodge*, 289 S.C. 543, 347 S.E. (2d) 504 (1986). *Res judicata* also bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties. *Sub-Zero Freezer C. v. R.J. Clarkson Co.*, 417 S.E. (2d) 569 (1992).

The parties and the subject matter are the same. The issue which was tried in Greenville's counterclaim was an accounting issue. Riedman argues that the trial judge only heard one side of the accounting issue. We disagree. Nothing prevented Riedman from asserting its side other than the fact that it did not have its records in court that day.

By Riedman's own admission, there is only one account. An account can only have one balance and this issue was adjudicated when Greenville's counterclaim was tried. Riedman's cause of action is barred by *res judicata* and, therefore, the trial judge did not err in granting Greenville's motion to dismiss.

We have carefully reviewed Riedman's remaining argument and find it to be without merit. Accordingly, it is dismissed pursuant to Rule 220(b)(1), SCACR.

Affirmed.

HARWELL, C.J., CHANDLER and FINNEY, JJ., and RANDALL T. BELL, Acting Associate Justice, concur.