24153

Eddie Mae JOHNSON, Respondent v.
GREENWOOD MILLS, INC., Appellant.

(452 S.E. (2d) 832)

Supreme Court

*James E. McDonald* and *Roy R. Hemphill,* both of *Burns, McDonald, Bradford, Patrick & Dean,* Greenwood, *for appellant.*

*Michael A. Stricker,* of *Solomon, Kahn, Budman & Stricker,* Charleston, *for respondent.*

Heard Dec. 10, 1993.

Decided Oct. 24, 1994; Reh. Den. Jan. 5, 1995.

*Per Curiam:*

This is a Workers' Compensation case. The Full Commission (Commission) dismissed the claim of Eddie Mae Johnson (Claimant) against Greenwood Mills, Inc. on the ground that it was barred by the doctrine of *res judicata.* Circuit Court reversed. We reverse the Circuit Court and reinstate the Order of the Commission.

Claimant, a long-time employee of Greenwood Mills, Inc. (Greenwood Mills), began having skin eruptions in the late 1970's. After consulting the company doctor, she began treatment in 1983 from a local dermatologist, Dr. Henderson, who diagnosed the condition as atopic dermatitis and treated it accordingly. By 1986, Claimant's condition had not improved, and she was referred to the Medical University of South Carolina (MUSC). She was fired from her position at Greenwood Mills.

Claimant filed a Form 50 Workers' Compensation claim in October 1986. The October 1986 Form 50 described Claimant's injury as follows: "I was transferred from Mill #4 to Mill #5 in the weave room. The chemicals there caused the fungas [sic] on my skin." In January 1987, Claimant was finally diagnosed with a rare, fatal skin cancer, mycosis fungoides.

Both the Claimant and Greenwood Mills agreed to submit the Workers' Compensation claim to the single commissioner by way of depositions. Dr. Henderson's deposition indicated that Claimant's condition was unrelated to her employment.

Based upon this deposition, the single commissioner found that the Claimant's condition was not an accidental injury, that she did not suffer from an occupational disease, and that her condition was not aggravated by her employment. This Order was not appealed.

Subsequent to that proceeding, in 1988, Claimant began treatment from Dr. Schiff at MUSC. In Dr. Schiff's opinion, the Claimant's condition *is* most probably directly related to chemicals she was exposed to during her many years of employment with Greenwood Mills.

Based upon Dr. Schiff's opinion, Claimant filed a second Form 50 in 1990. The 1990 Form 50 described Claimant's injury as follows: "Direct occupational exposure to carcinogens and other toxins resulting in chronic immune system stimulation and malignant proliferation." The Full Commission dismissed her 1990 claim as barred by *res judicata.* Circuit Court reversed the Commission.

"*Res judicata* bars a subsequent suit by the same parties on the same issues." *Sub-Zero Freezer v. R.J. Clarkson Co.,* 308 S.C. 188, 190, 417 S.E. (2d) 569, 571 (1992). *Res judicata* is shown if (1) the identities of the parties

is the same as a prior litigation; (2) the subject matter is the same as the prior litigation; and (3) there was a prior adjudication of the issue by a court of competent jurisdiction. *Riedman Corporation v. Greenville Steel Structures, Inc.*, 308 S.C. 467, 468-69, 419 S.E. (2d) 217, 218 (1992).

Commissioner Tally's Order dated July 7, 1987, provides in pertinent part:

3. The claimant did not sustain an injury by accident or an *occupational disease* while employed with Greenwood Mills.

4. The claimant has sustained a condition known as mycosis fungoides, which is not related to or aggravated by her employment.

Here, the parties and subject matter are the same as in the prior litigation, and a court of competent jurisdiction issued an Order which was not appealed. Although Claimant was unaware of the causal relationship between her disease and her employment at the time of the first adjudication, the issue was nonetheless litigated.

The Form 50, Application of Employee for Benefits and Request for Hearing, does not, as Claimant argues, distinguish between accident by injury and occupational disease. Further, there is no support for Circuit Court's holding that the 1987 Order addressed only accidental injury. The Commission's July 1987 Order clearly states the extent of Claimant's injury and finds neither accident by injury nor occupational disease. Accordingly, the doctrine of *res judicata* now bars her subsequent claim for occupational disease.

The Order of the Circuit Court is reversed and Commission's Order is reinstated.

Reversed.

TOAL and FINNEY, JJ., dissenting in separate opinion.

TOAL, Justice, dissenting:

I respectfully dissent. Eddie Mae Johnson ("Johnson") first began experiencing difficulties when she was transferred to the weave room of Greenwood Mill's Mill #5 where she was exposed to chemicals. She originally consulted the company physician. After some time, Greenwood Mill's physician re-

ferred Johnson to Dr. Henderson, a local dermatologist. Dr. Henderson diagnosed Johnson as suffering from atopic dermatitis and treated her accordingly. Johnson's condition continued to worsen. Although not disabled, Johnson was fired from her job of more than twenty years at Greenwood Mills. Faced with mounting medical bills, no medical insurance and no job, Johnson filed a worker's compensation claim. Greenwood Mills, a self-insured company, denied Johnson's claim. The claim was then presented to the Workers' Compensation Commission. The single commissioner issued his order in July 1987. He found that Johnson's condition was not job related. In making this ruling, the single commissioner relied on the testimony of Dr. Henderson. It was after the filing of her claim but prior to the single commissioner's order that Johnson was finally diagnosed by a Medical University of South Carolina physician with mycosis fungoides, a rare, fatal skin cancer. This claimant relied on company doctors who told her that her skin disease was not employment related. Now, it turns out that her condition is job related and she is dying from it. The company not only denied her benefits, it fired her. The majority points to Commissioner Talley's order of July 7, 1987 which finds that "claimant did not sustain an injury by accident or an *occupational disease*." (Emphasis added.) In 1987, the claim was not really presented as an occupational disease but rather as a single skin fungus injury caused by an accident on the job. It was not until an independent expert was consulted, after the claim was filed and as her condition worsened, that it was learned that she has a fatal skin disease contracted as the result of on-the-job exposure to toxic fumes. The single commissioner in 1987 simply gratuitously ruled on the occupational disease issue. In my view, this was a ruling on an issue completely outside the pleadings. To now hold, as the majority does, that although claimant was unaware her injury was an occupational disease and thus did not plead it as such, she, nevertheless, litigated it and lost it in the fist adjudication defies logic and justice. In my view, allowing Greenwood Mills to rely on the doctrine of *res judicata* is utterly inequitable under these facts. The circuit court held that the claimant could not have known the occupational disease was caused by her employment until 1990 and therefore her claim was not barred by *res judicata*. I would affirm this ruling.

FINNEY, J., concurs.