**D. Parker STOKES, M.D.,**
**Plaintiff/Appellant,**

**v.**

**George J. and Barbara D. VIERRA,**
**Defendants/Appellees.**

Nos. C 95–00228, 93–12183.

United States District Court,
N.D. California.

July 27, 1995.

---

Steven M. Olson, Geary, Shea, O'Donnell & Grattan, Santa Rosa, CA, for D. Parker Stokes, M.D.

Douglas B. Provencher, O'Brien, Watters, Davis & McCullough, Santa Rosa, CA, for George J. and Barbara D. Vierra.

## MEMORANDUM OF DECISION

WILKEN, District Judge.

This is an appeal from an order of the United States Bankruptcy Court for the Northern District of California regarding the dischargeability of a South Carolina judgment. Defendant appeals from the part of the order granting Plaintiff's motion for summary judgment that the actual damages and pre-judgment interest are non-dischargeable. Plaintiff appeals from the portion of the order denying summary judgment of non-dischargeability of the punitive damages awarded in the South Carolina action.

After careful consideration of the parties' papers and the record as a whole, and good cause appearing, the bankruptcy court's order is hereby REMANDED to the bankruptcy court for further proceedings consistent with this order.

## Statement of Facts

Appellant George Vierra was the defendant in a state court action in South Carolina in which Appellee D. Parker Stokes, M.D. sought damages for fraud and breach of fiduciary duty. Mr. Vierra filed an answer in the South Carolina action. However, he failed to comply with discovery requests.

On November 20, 1992, the Court of Common Pleas for the State of South Carolina entered an order requiring Mr. Vierra to comply with discovery requests or have his default entered. On December 16, 1992, Dr. Stoke's counsel filed an affidavit of default stating that Mr. Vierra had not complied with the court order.

On August 10, 1993, the South Carolina court conducted a hearing regarding whether to enter a default judgment in favor of Dr. Stokes and against Mr. Vierra, and, if so, the amount of the money judgment. Mr. Vierra's counsel was present at the hearing on Mr. Vierra's behalf. The transcript of the hearing is not part of the record, however, so there is no information as to the evidence presented. On August 12, 1993, the court entered a default judgment against Mr. Vierra, making specific findings of fact and conclusions of law. The court held that Mr. Vierra had violated the Securities Act of 1933, and the South Carolina Uniform Securities Act, Section 35–1–1490, *et. seq.*, and had committed common law fraud against Dr. Stokes through his dealings with Dr. Stokes. From 1988 through 1991, Mr. Vierra

repeatedly made misstatements of material fact to Dr. Stokes and repeatedly failed to disclose the true financial status of Merlion Winery to Dr. Stokes. The court awarded Dr. Stokes $100,000 in actual damages, $42,656.38 in pre-judgment interest, $258,343.62 in punitive damages, $25,000 in attorney's fees, and $350.12 in costs.

Mr. Vierra filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[1] On January 18, 1994, Dr. Stokes filed a non-dischargeability complaint against Mr. Vierra in the United States Bankruptcy Court for the Northern District of California alleging that the debt was non-dischargeable under 11 U.S.C. § 523(a)(2)(A)[2] and 11 U.S.C. § 523(a)(4)[3]. Mr. Vierra answered the complaint. Dr. Stokes moved for summary judgment. The court relied on *In re Nourbakhsh*, 162 B.R. 841 (9th Cir. BAP 1994) to conclude that collateral estoppel precluded relitigation of the South Carolina court's findings. On November 8, 1994, the bankruptcy court granted Dr. Stokes' motion in part, finding non-dischargeable the actual damages and pre-judgment interest, but denied summary judgment of non-dischargeability of the attorney's fees and punitive damages. Mr. Vierra's appeal and Dr. Stokes' cross-appeal followed.

## Discussion

A bankruptcy court's decision to grant summary judgment is reviewed *de novo*. *In re Nourbakhsh*, 162 B.R. 841, 843 (9th Cir. BAP 1994) (citing *Jones v. Union Pac. R.R. Co.*, 968 F.2d 937, 940 (9th Cir. 1992); *In re Baird*, 114 B.R. 198, 201 (9th Cir. BAP 1990)). A reviewing court must determine whether the bankruptcy court correctly concluded that there was no genuine issue of material fact and that the moving

---

1. While Barbara D. Vierra is included in the present appeal, she does not appear from the record to have been named as a party in the bankruptcy action.

2. 11 U.S.C. § 523 states in pertinent part that:
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   (2) for money, property or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

3. 11 U.S.C. § 523(a)(4) states in pertinent part that:

   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

party was entitled to judgment as a matter of law. *Nourbakhsh,* 162 B.R. at 843 (citing *Baird,* 114 B.R. at 201).

■ The bankruptcy court reluctantly found that collateral estoppel precluded relitigating the South Carolina court's finding of fraud. It therefore found that the actual damages awarded by the South Carolina court were non-dischargeable under 11 U.S.C. § 523(a)(2)(A), which provides that debts are non-dischargeable to the extent obtained by false pretenses, a false representation, or actual fraud. The bankruptcy court erred in finding itself bound to give collateral estoppel effect to the South Carolina judgment. The Supreme Court has determined that principles of collateral estoppel apply in bankruptcy dischargeability proceedings conducted pursuant to 11 U.S.C. § 523. *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). However, the bankruptcy courts do not apply federal principles of collateral estoppel to state court judgments. Rather, as the Supreme Court stated in *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380–82, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985), the full faith and credit statute "directs a federal court to refer to the preclusion law of the State in which the judgment was rendered." [4] The bankruptcy court considered itself bound by the Bankruptcy Appellate Panel's decision in *Nourbakhsh* to give collateral estoppel effect to the default judgment. However, in *Nourbakhsh,* the previous judgment was rendered in Florida. The court found that under Florida law, default judgments satisfied the "actually litigated" component of collateral estoppel. However, since the underlying judgment in this case was issued by a South Carolina court, this Court must apply South Carolina law on collateral estoppel.

South Carolina has adopted the general rule of collateral estoppel as set forth in the *Restatement (Second) of Judgments,* §§ 27, 28, and 29 (1989). *South Carolina Property and Casualty Insurance Guaranty Association v. Wal–Mart Stores, Inc.,* 304 S.C. 210, 213, 403 S.E.2d 625 (1991). Section 27 provides that "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Rest.2d Judg.* § 27.

Under the *Restatement* rule, if a judgment is entered by default, none of the issues determined in the case are "actually litigated." *Id.* Therefore, collateral estoppel does not apply to any issue in a subsequent action. *Id.* Dr. Stokes cites *Jaynes v. County of Fairfield,* 303 S.C. 434, 401 S.E.2d 183 (Ct. App.1991) (default judgment given claim-preclusive effect under doctrine of *res judicata*), to argue that South Carolina gives collateral estoppel effect to default judgments. However, *Jaynes v. County of Fairfield* involves the application of *res judicata,* which is a separate doctrine from collateral estoppel, and is not at issue before the Court.

■ Since the South Carolina court's findings were entered by default it is unlikely that they were actually litigated. It may be that, unlike the usual default proceeding, witnesses were actually called, questioned and cross-examined on the issue of fraud at the default hearing. If that is the case, on remand the bankruptcy court may find that the issue of fraud was actually litigated. If not, the South Carolina findings do not prevent relitigation of any issue by the bankruptcy court. If the South Carolina court's findings have no collateral estoppel effect, there still remains a material dispute as to whether there was fraud.

■ In actions under section 523(a)(2)(A), a debt is non-dischargeable only to the extent it consists of money obtained by fraud; punitive damages are therefore not rendered non-dischargeable by this section. *In re Levy,* 951 F.2d 196, 199 (9th Cir.1991).

■ Unlike § 523(a)(2)(A), Title 11 U.S.C. § 523(a)(4), which provides that a debt is non-dischargeable where the debt arises from fraud or defalcation by a fiduciary, con-

---

4. The full faith and credit statute, 28 U.S.C. § 1738, provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken."

 

tains no language limiting damages to "the extent obtained by fraud." Therefore, punitive damages may be non-dischargeable under § 523(a)(4). *In re Bugna*, 33 F.3d 1054 (9th Cir.1994).

 The South Carolina court found that Mr. Vierra was at all times relevant to the action both general partner and control person for Merlion Winery. That court concluded that Mr. Vierra repeatedly made misstatements of material fact and failed to disclose the true financial status of Merlion Winery to Dr. Stokes from 1988 and 1991. Dr. Stokes contends that he was fraudulently induced to invest in the winery in 1989. He argues, therefore, that it must be found that during the period from 1989 to 1991, Mr. Vierra, as general partner, committed either fraud or defalcation while acting in a fiduciary capacity, satisfying the requirements of § 523(a)(4). The bankruptcy court, however, found that the state court findings indicated that Stokes' damages resulted from misrepresentations which induced him to *become* a partner, rather than defalcation as to assets held in trust for the partnership. It therefore declined to find the punitive damages non-dischargeable under section 523(a)(4). As discussed above, it is unlikely that any of this was actually litigated and thus that it has any collateral estoppel effect. Even if it were litigated, it does not appear that a finding about Mr. Vierra's fiduciary status, or lack thereof, was "essential to the judgment," which is another prerequisite to the application of collateral estoppel. *Rest.2d Judg.* § 27. If there is no collateral estoppel effect, regarding this issue, a material question of fact remains regarding Mr. Vierra's fiduciary status.[5]

## Conclusion

For the reasons previously stated, the bankruptcy court's order granting summary judgment in favor of Dr. Stokes regarding the actual damages and pre-judgment interest and denying summary judgment regarding the attorney's fees and punitive damages is REMANDED to the bankruptcy court for further proceedings consistent with this order.

IT IS SO ORDERED.

---

**5.** Attorney's fees in the present case were awarded by the South Carolina court as part of its judgment. Thus, there is a question as to whether the attorney's fees awarded by the South Carolina court were dischargeable. Ancillary obligations such as interest and attorney's fees incurred in a proceeding to enforce the primary obligation may attach to the primary debt; consequently, their dischargeability depends on that of the primary debt. *In Re Florida*, 164 B.R. 636, 639 (9th Cir.1994) (referring to *Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th Cir.1987)). Because the attorney's fees awarded by the South Carolina court were in connection with recovering the actual damages, there is a direct and apparent connection. *Id.* If the actual damages are non-dischargeable under either § 523(a)(2)(A) or § 523(a)(4), the attorney's fees will also be non-dischargeable.