**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Molly M. Morphew, Appellant,

v.

Stephen Dudek and Doreen Cross, Respondents.

Appellate Case No. 2018-000507

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2020-UP-150
Submitted May 1, 2020 – Filed May 20, 2020

**AFFIRMED**

Molly M. Morphew, of Summerville, pro se.

Steven L. Smith and Samuel Melvil Wheeler, both of Smith Closser, of Charleston, for Respondents.

**PER CURIAM:** Molly Morphew appeals an order from the circuit court dismissing her complaint pursuant to Rule 12(b)(6) and (8), SCRCP, and res judicata. On appeal, Morphew argues the court erred by dismissing her case.

Morphew's complaint is barred under the doctrine of res judicata because the adjudication of those issues occurred in a prior suit involving the same parties and

same subject matter.[1]  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Judy v. Judy*, 383 S.C. 1, 8, 677 S.E.2d 213, 217 (Ct. App. 2009) ("When claims arising out of a particular transaction or occurrence are adjudicated, res judicata bars the parties to that suit from bringing subsequent actions on either the adjudicated issues or any issues that might have been raised in the first suit."); *Riedman Corp. v. Greenville Steel Structures, Inc.*, 308 S.C. 467, 469, 419 S.E.2d 217, 218 (1992) ("To establish res judicata, three elements must be shown: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit."); *id.* ("Res judicata also bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties.").[2]

**AFFIRMED.**[3]

**LOCKEMY, C.J., and GEATHERS, and HEWITT, JJ., concur.**

---

[1] Although Morphew argues on appeal that Stephen Dudek and Doreen Cross did not plead the doctrine of res judicata in their motions to dismiss, this issue was not raised to or ruled on by the circuit court, and thus is not preserved for appellate review.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [Master].").

[2] Although Morphew's claim for a constructive trust could not have been raised in the prior suit, because the basis of the claim was predicated on the allegations of fraud that were previously adjudicated, Morphew's constructive trust claim is barred by res judicata.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.