**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bayview Loan Servicing, LLC, a Delaware Limited Liability Company, Respondent,

v.

Isabelle Murray, William Murray, Bernard Murray, Roland Murray, County of Charleston and the South Carolina Department of Revenue, Defendants,

Of Whom Bernard Murray and Roland Murray are the Appellants.

Appellate Case No. 2018-002228

———

Appeal From Charleston County
Mikell R. Scarborough, Circuit Court Judge

———

Unpublished Opinion No. 2021-UP-270
Submitted May 1, 2021 – Filed July 14, 2021

———

**AFFIRMED**

———

Willie Bruce Heyward, of Heirs Property Law Firm, LLC, of Charleston, for Appellants.

Andrew Bryant Walker, of Rogers Lewis Jackson Mann & Quinn, LLC, of Columbia, for Respondent.

———

**PER CURIAM:** Bernard Murray and Roland Murray (collectively, Appellants) appeal a master-in-equity's order denying their posttrial motion to set aside the foreclosure sale. On appeal, Appellants argue (1) the master did not have jurisdiction to sell the property at the foreclosure sale because they were not provided with proper notice of the August 27, 2018 order and (2) Bayview Loan Servicing, LLC was not a protected person pursuant to section 62-3-714 of the South Carolina Code (Supp. 2020). We affirm.

Initially, we find Appellants' posttrial motion[1] was timely served and it tolled the time for serving and filing this appeal. *See* Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."); Rule 203(b)(1), SCACR (indicating that when a timely posttrial or posthearing motion has been made, "the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion"). Although the master filed the underlying order granting Bayview's motion for partial summary judgment on August 27, 2018,[2] Appellants asserted to the master that they did not receive written notice of the order until October 2, 2018.[3] Because Appellants served their posttrial motion on October 2, 2018, the posttrial motion was timely served, and it tolled the time for Appellants to serve their notice of appeal.

---

[1] Although Appellants' motion was styled as a motion to set aside the foreclosure sale, we construe the motion as a Rule 59(e), SCRCP, motion because the sale had not yet occurred, the master indicated the motion raised "a question . . . as to percentage of ownerships, what's being foreclosed upon," which was the crux of the master's summary judgment ruling, and Appellants had received written notice of the entry of the August 27, 2018 order only five days before filing their posttrial motion.

[2] The August 27, 2018 order, in conjunction with a prior order granting partial summary judgment, determined a mortgage encumbered the entire property, found Bayview was entitled to foreclose on the property, and set the terms and conditions for a judicial sale.

[3] Counsel for Appellants stated at the hearing that neither he nor Appellants received written notice from the clerk of court after the order was filed and he never received the September 18, 2018 email from the master's law clerk. Counsel stated Appellants received written notice of the order five days prior to October 2, 2018, and Appellants made him aware of the entry of the order the day after they learned about the order.

On the merits, Appellants argue the master did not have jurisdiction to sell the property because they did not have notice of the August 27, 2018 order; however, Appellants stated they received notice of the entry of the August 27, 2018 order five days before the sale of the property. Thus, Appellants had notice of the August 27, 2018 order and impending sale. Further, although Appellants argue the master erred by finding Bayview was a "protected person" under section 62-3-714 because Bayview did not act in good faith as required under the statute, the master did not make a finding pursuant to section 62-3-714. Accordingly, we affirm the ruling of the master.

To the extent Appellants assert the master erred by finding the doctrine of res judicata was not applicable, we affirm the master's finding. In January 2004, Isabelle Murray, of the Estate of James Murray, conveyed a parcel of real property in Charleston from the Estate to herself via a deed of distribution. In November 2005, Isabelle and one of her siblings, William Murray,[4] executed and delivered a note to CitiFinancial, Inc. To secure the note, Isabelle executed and delivered a mortgage to the property. Five years later, Isabelle, William, and Appellants were parties to a quiet title action concerning the property. Although the final order in the quiet title action quieted title to the property amongst the siblings, neither Bayview nor its predecessor-in-interest, CitiFinancial, were a party to the action. *See Crestwood Golf Club, Inc. v. Potter*, 328 S.C. 201, 216, 493 S.E.2d 826, 834 (1997) ("The term res judicata encompasses two types of preclusion: claim preclusion and issue preclusion."); *id.* ("Claim preclusion . . . bars plaintiffs from pursuing successive suits where the claim was litigated or could have been litigated." (quoting *Pedrina v. Chun*, 906 F. Supp. 1377, 1399 (D. Haw. 1995))); *Johnson v. Greenwood Mills, Inc.*, 317 S.C. 248, 250-51, 452 S.E.2d 832, 833 (1994) ("[Claim preclusion] is shown if (1) *the identities of the parties [are] the same* as a prior litigation; (2) the subject matter is the same as the prior litigation; and (3) there was a prior adjudication of the issue by a court of competent jurisdiction." (emphasis added)). Accordingly, because neither Bayview nor CitiFinancial were parties to the quiet title action, Appellants could not assert a defense of res judicata. Further, to the extent Appellants argue the master erred by issuing his October 23, 2018 order denying their posttrial motion without a full adjudication of the merits of their posttrial motion via an evidentiary hearing, we find the master was not bound to his prior statement indicating he intended to hold a hearing. *See First Union Nat. Bank of S.C. v. Hitman, Inc.*, 308 S.C. 421, 422, 418 S.E.2d 545, 545 (1992) ("[A] judge is not bound by the prior oral ruling and may issue a written order which is in conflict with the oral ruling.").

---

[4] Appellants, Isabelle, and William are all siblings.

**AFFIRMED.**[5]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.