**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Glenda R. Couram, Appellant,

v.

Nationwide Mutual Insurance Company; Titan Indemnity Company; Eugene Matthews, in his individual capacity; Sherwood Plumbing SVC, LLC; Beatrice T. Tidwell; Rick Skurko in his official and individual capacity; and Tracey Peer, in her official and individual capacity, Respondents.

Appellate Case No. 2018-001134

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-373
Submitted September 1, 2021 – Filed November 3, 2021

**REVERSED AND REMANDED**

Glenda R. Couram, of Lexington, pro se.

John Robert Murphy, of Murphy & Grantland, PA, of Columbia, for Respondents Nationwide Mutual Insurance Company, Titan Indemnity Company, Rick Skurko, and Tracey Peer.

E. Dale Lang, Jr., of Clawson & Staubes, LLC, of Columbia, and Timothy Alan Domin, of Clawson and Staubes, LLC, of Charleston, for Respondents Sherwood Plumbing SVC, LLC, and Beatrice Tidwell.

Eugene Matthews, of Columbia, pro se.

---

**PER CURIAM:** Glenda R. Couram appeals the circuit court's orders dismissing her complaint against Nationwide Mutual Insurance Company; Titan Indemnity Company; Eugene Matthews; Sherwood Plumbing SVC, LLC; and Beatrice Tyree Tidwell and denying her motion to amend the complaint to include additional causes of action and two parties—Rick Skurko and Tracey Peer. On appeal, Couram argues the circuit court erred in (1) granting Respondents' motion to dismiss her claims for intentional infliction of emotional distress, negligent infliction of emotional distress, vicarious liability, and negligent supervision; (2) denying her request to amend her complaint; and (3) dismissing her claim for civil conspiracy.

In light of our recent opinion in *Couram v. Tidwell*, Op. No. 2021-UP-367 (S.C. Ct. App. filed Oct. 27, 2021), Couram's present action is not barred by the doctrine of res judicata or collateral estoppel because a final judgment on the merits does not exist. *See Riedman Corp. v. Greenville Steel Structures, Inc.*, 308 S.C. 467, 469, 419 S.E.2d 217, 218 (1992) ("To establish res judicata, three elements must be shown: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit."); *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 674 S.E.2d 779, 782 (Ct. App. 2009) ("Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same."). Accordingly, we reverse and remand.

**REVERSED AND REMANDED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.