**Laura TONEY, Plaintiff,**

v.

**LaSALLE BANK NATIONAL ASSOCIATION, Trustee for Lehman Brothers Structured Asset Investment Loan Trust Sail 2005, Ocwen Federal Bank, a/k/a AltiSource Homes, Defendants.**

**C.A. No. 3:11–1686–MBS.**

United States District Court,
D. South Carolina,
Columbia Division.

Sept. 25, 2012.

Laura Toney, Bishopville, SC, pro se.

Robert A. Muckenfuss, McGuireWoods LLP, Charlotte, NC Sean A. O'Connor, Finkel Law Firm, Charleston, SC, for Defendants.

## *ORDER AND OPINION*

MARGARET B. SEYMOUR, Chief Judge.

Plaintiff Laura Toney ("Plaintiff") filed this action pro se against Defendants, LaSalle Bank National Association, Trustee for Lehman Brothers Structured Asset Investment Loan Trust Sail 2005 ("LaSalle"), and Ocwen Federal Bank a/k/a AltiSource Homes ("Ocwen") (collectively "Defendants"), alleging claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–

1667f, arising out of a foreclosure action instituted against her by Defendants. (ECF No. 1.) Plaintiff also seeks a declaratory judgment and asserts state law claims for intentional infliction of emotional distress, deceptive and unfair trade practices, gross negligence, fraud, and fraudulent transfer. (*Id.*) This matter is before the court on Plaintiff's motions for entry of default against Defendants pursuant to Fed. R. Civ. P. 55(a); LaSalle's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), 8, and 9(b); Ocwen's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6); and LaSalle's motion for sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11. (ECF Nos. 20, 21, 27, 28, 51, 61.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On August 9, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended that the court deny Plaintiff's motions for entry of default, grant LaSalle's motion to dismiss, grant Ocwen's motion to dismiss, and deny LaSalle's motion for sanctions without prejudice. (ECF No. 79.) Plaintiff filed objections to the Report and Recommendation on August 22, 2012 and August 27, 2012, asking the court to reject the Magistrate Judge's recommendation. (ECF Nos. 81, 84.) For the reasons set forth below, the court adopts the Report and Recommendation of the Magistrate Judge, **GRANTS** the motions to dismiss of LaSalle and Ocwen, and **DENIES** LaSalle's motion for sanctions without prejudice and Plaintiff's motions for entry of default against LaSalle and Ocwen.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts in the complaint as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate. The court adopts this summary as its own, and will only reference facts pertinent to the analysis of Plaintiff's claims.

On October 6, 2004, Plaintiff refinanced her house located at 729 Chatman Street in Bishopville, South Carolina ("the Property"). (ECF No. 1–1, pp. 38, 43.) During the closing, Plaintiff entered into and received a mortgage which was secured by the Property. (*Id.*) On June 14, 2005, Plaintiff sent a letter to Ocwen stating her intention to rescind the loan due to the alleged occurrence of federal disclosure violations during the processing of the loan. (ECF No. 1–1, p. 1.) Plaintiff alleged that she was not provided any of the mandatory disclosures required by TILA prior to the closing. (*Id.*; *see also* ECF No. 1, p. 3.)

On or about July 21, 2005, LaSalle, which had been assigned the mortgage by Ocwen, filed a lis pendens and complaint against Plaintiff, captioned *Lasalle Bank v. Laura Toney,* Case No.2005–CP–31–169, in the Court of Common Pleas of Lee County, South Carolina (the "Lee County Court"), seeking foreclosure of Plaintiff's mortgage and sale of the Property. (ECF No. 1–1, pp. 3–11.) On October 19, 2005, Plaintiff alleges that LaSalle finally responded to her notice of rescission letter. (ECF No. 1, p. 5.) Thereafter, LaSalle filed a motion for summary judgment on March 29, 2006. (ECF No. 1–1, p. 34.)

On February 16, 2007, the Lee County Court held a foreclosure hearing in the absence of Plaintiff or her attorney.[1]

1. Plaintiff alleges that her attorney at the time, Mr. David Weeks, was a member of the South Carolina General Assembly and could not be present because the General Assembly

(ECF No. 1–1, p. 35.) On March 15, 2007, the Lee County Court entered an order finding that LaSalle "should have judgment of foreclosure of the mortgage and the mortgaged property should be ordered sold at public auction after due advertisement" and, as a result, granted summary judgment in favor of LaSalle in the foreclosure action. (*Id.* at p. 40.) In support of the order granting summary judgment to LaSalle, the Lee County Court made the following findings of fact:

> The Defendant Laura Toney alleges that she rescinded the loan by letter dated June 12, 2005. Pursuant to Title 15 Section 1635 of the U.S.Code, the obligor in a real estate secured consumer credit transaction shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms. The loan closing occurred on October 6, 2004, at which time the Defendant was provided the information and rescission forms. (Affidavit of Michael May filed March 29, 2006; Affidavit of Letia Benjamin). The information and rescission forms are signed by the Defendant Laura Toney to acknowledge that she was provided a copy of each at closing. Therefore, the Defendant's counterclaim that she rescinded the loan is without merit on its face since it is well outside the time to rescind permitted by law.

(ECF No. 1–1, pp. 37–38.)

On March 22, 2007, Plaintiff filed an application for a temporary restraining order, preliminary injunction, and permanent injunction in the Lee County Court. (ECF No. 52–2, pp. 8–13, 16–17.) On April 25, 2007, Plaintiff filed a motion for

reconsideration of the foreclosure decision. (ECF No. 52–2, pp. 5–7.) On April 27, 2007, a notice of eviction was filed against Plaintiff and she was evicted from the Property shortly thereafter. (ECF No. 1–1, p. 49.) On May 7, 2007, the Property was sold at an auction to LaSalle. (*Id.* at pp. 45–47.) After the sale of the Property and the denial of her motions, Plaintiff filed an appeal with the South Carolina Court of Appeals. Plaintiff states that her foreclosure case is currently pending with the South Carolina Supreme Court. (ECF No. 76, p. 3; see also ECF No. 51–2, pp. 1–2.)

On July 13, 2011, Plaintiff filed in this court a "Complaint to Set Aside Fraudulent Transfer, and Fraud; Declaratory Judgment for Entry of Default[,] Gross Negligence[,] Emotional Distress[,] Deceptive and Unfair Trade Practices." (ECF No. 1.) Plaintiff alleges that she did not receive certain federal disclosures required by TILA at the time of her mortgage closing, including "choice of attorney notification, settlement statement, and good faith estimate." (*Id.* at p. 3.) Plaintiff alleges that Defendants' failure to make proper disclosures and failure to respond to her notice of rescission within twenty days resulted in Defendants losing their interest in the property. (*Id.* at p. 5.) Further, Plaintiff alleges that Defendants' failure to respond to her notice of rescission within twenty days had the effect of reinstating Plaintiff's interest in the property and relieving her obligations under the original loan. (*Id.* at pp. 5–8.) On July 13, 2011, Plaintiff filed a motion for a temporary injunction to enjoin Defendants from denying Plaintiff possession of the Property. (ECF No. 3.)

---

was in session. Plaintiff alleges that a request to reschedule the hearing was submitted on behalf of Mr. Weeks, but that the hearing was

held as previously scheduled. (*See* ECF No. 52–2, pp. 1–2.)

On October 7, 2011, LaSalle filed a motion to extend its time to file an answer until October 21, 2011, which motion was granted by the court on October 11, 2011. (ECF Nos. 16, 18.) On October 19, 2011, Plaintiff moved for entry of default against Ocwen. (ECF No. 20.) On October 21, 2011, LaSalle filed a motion to dismiss Plaintiff's complaint. (ECF No. 21.) Plaintiff filed a second motion for entry of default against Ocwen on October 25, 2011. (ECF No. 27.) Additionally, on October 25, 2011, Plaintiff moved for entry of default against LaSalle. (ECF No. 28.) Plaintiff filed opposition to LaSalle's motion to dismiss on October 25, 2011, October 28, 2011, and November 2, 2011. (ECF Nos. 29, 30, 32.) On November 1, 2011, LaSalle filed opposition to Plaintiff's motion for entry of default. (ECF No. 31.) On December 28, 2011, Ocwen filed its answer to the complaint. (ECF No. 37.)

On February 27, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended denying Plaintiff's motion for temporary injunction, which recommendation was adopted by the court on March 22, 2012, 2012 WL 988061. (ECF Nos. 46, 57.) On March 7, 2012, LaSalle filed a motion for sanctions against Plaintiff, to which Plaintiff filed opposition on March 15, 2012. (ECF Nos. 51, 53.) On April 2, 2012, Plaintiff appealed the court's March 22, 2012 Order to the United States Court of Appeals for the Fourth Circuit. (ECF No. 62.) On April 6, 2012, Ocwen filed opposition to Plaintiff's motions for entry of default and a motion to dismiss the complaint.[2] (ECF Nos. 60, 61.) Plaintiff filed opposition to Ocwen's motion to dismiss on May 14, 2012. (ECF No. 76.)

Recently, on August 24, 2012, 475 Fed. Appx. 858 (4th Cir.2012), the Fourth Circuit affirmed the court's March 22, 2012 decision and issued the formal mandate of the court of appeals on September 17, 2012. (ECF Nos. 83, 89.)

## II. LEGAL STANDARD AND ANALYSIS

### A. *Legal Standard*

1. *Magistrate Judge's Report and Recommendation*

 The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

2. *Motions pursuant to Fed. R. Civ. P. 11*

 A pro se pleading is not subjected to the same scrutiny as one drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081

---

**2.** Ocwen did not file its motion to dismiss until after it filed its answer. The court agrees with the Magistrate Judge's analysis

that Ocwen's motion to dismiss should be construed as a motion for judgment on the pleadings. (*See* ECF No. 79, p. 10.)

(2007). Even pro se litigants, however, must follow the procedural rules of the court. *Cox v. Deal,* C/A No. 2:09–02715–DCN–BM, 2011 WL 3418397, at *2 (D.S.C. Aug. 3, 2011). Rule 11 governs both attorneys and pro se litigants. Fed. R. Civ. P. 11.

Fed. R. Civ. P. 11(a) requires every pleading, written motion, or other paper to be signed by either the party's attorney, if represented, or the party itself, if the party proceeds without representation. *See* Fed. R. Civ. P. 11(a). By signing a filing, a party represents to the court and certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing is not "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and "the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b) (emphasis added). Rule 11(b)(3) requires that filings have a proper factual basis for each claim. *See* Fed. R. Civ. P. 11(b)(3).

 Reasonableness of a filing party's actions under Fed. R. Civ. P. 11 involves an objective inquiry into the prefiling investigation. *See In re Kunstler,* 914 F.2d 505, 514 (4th Cir.1990). Legal allegations fail the requirements of Fed. R. Civ. P. 11(b)(2) when there is "absolutely no chance of success under the existing precedent." *Hunter v. Earthgrains Co. Bakery,* 281 F.3d 144, 153 (4th Cir.2002). In order to warrant sanctions, the legal position must be completely untenable, rather than merely unsuccessful. *Id.* at 151. The issue is whether a reasonable person under the same circumstances would have be-

lieved his or her actions to be legally justified. *Id.* at 153.

### 3. *Motions pursuant to Fed. R. Civ. P. 12(b)(6)*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel,* 177 F.3d 245, 251 (4th Cir.1999); *Mylan Labs., Inc.,* 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The court must treat factual allegations of the non-moving party as true. *Estate Constr. Co. v. Miller & Smith Holding Co.,* 14 F.3d 213, 217–18 (4th Cir.1994).

 Res judicata is an affirmative defense and is treated as a basis for dismissal under Fed. R. Civ. P. 12(b)(6). *See Davani v. Va. Dept. of Transp.,* 434 F.3d 712, 720 (4th Cir.2006) (res judicata or claim preclusion challenge is to be considered pursuant to Rule 12(b)(6)); *Andrews v. Daw,* 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (an affirmative defense such as res judicata may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint . . . ."). "Res judicata is applied to prevent the re-litigation of claims, and thus prevent the unsettling of a prior judgement, whether by increasing or de-

creasing the award or by reversing the result." *Heckert v. Dotson*, 272 F.3d 253, at 258 (4th Cir.2001). "'For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits.'" *Martin v. Am. Bancorp. Ret. Plan*, 407 F.3d 643, 650 (4th Cir.2005) (quoting *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004)). Further, res judicata not only "bar[s] claims that were raised and fully litigated," but also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors v. E. Auto Distrib.*, 892 F.2d 355, 359 (4th Cir.1989) (quoting *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)); *see also Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir.1991).

4. *Motions pursuant to Fed. R. Civ. P. 55(a)*

▇▇▇ Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). However, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits. *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)

**B. Analysis**

1. *Plaintiff's Motions for Entry of Default*

Plaintiff moves for entry of default against Defendants pursuant to Fed. R. Civ. P. 55(a). (*See* ECF Nos. 20, 27, 28.)

Upon his review, the Magistrate Judge recommended denying Plaintiff's motion for entry of default against LaSalle. Specifically, the Magistrate Judge found that LaSalle was served on September 19, 2011, and its answer would have been due on October 11, 2011 [3], except that LaSalle received an extension from the court to file its answer on or before October 21, 2011. (ECF No. 79, p. 5 (citing ECF Nos. 17, 18).) The Magistrate Judge further found that the Fed. R. Civ. P. 12 motion to dismiss that LaSalle filed on October 21, 2011 was timely, and therefore Plaintiff's motion for entry of default against LaSalle is without merit. (*Id.* (citing ECF No. 21))

The Magistrate Judge also recommended denying Plaintiff's motion for default against Ocwen because Plaintiff has not shown that Ocwen was properly served or that the correct entity was named in the complaint. (*Id.* at p. 6.) In making this recommendation, the Magistrate Judge found convincing Ocwen's arguments that "its answer was filed prior to entry of default; Ocwen Loan Servicing, the proper party to this suit, is a wholly different entity from 'Ocwen Federal Bank,' and thus alleged service on 'Ocwen Federal Bank' did not constitute service on Ocwen Loan Servicing; even if Plaintiff had named an existing entity called 'Ocwen Federal Bank,' service of process was not properly effected pursuant to applicable law; entry of judgment by default is a drastic remedy which should be used only

**3.** The Magistrate Judge observed that October 10, 2011 was a federal holiday, Columbus Day. (ECF No. 79, p. 5.)

in extreme situations; and entry of default judgment against the non-existent 'Ocwen Federal Bank' should not be granted because it is a nullity." (*Id.*)

In her objections to the Magistrate Judge's recommendation, Plaintiff implies that the Magistrate Judge findings are wrong because Ocwen (1) was served by mail on September 12, 2011 (with a certified return receipt showing service on September 15, 2011), (2) failed to answer the complaint within twenty-one days as required by the federal rules, (3) failed to request an extension of time prior to the expiration of the answer deadline, and (4) filed an untimely answer eighty-five days after service. (ECF No. 84, pp. 4, 6–7, 19, 24.) Plaintiff further implies that the Magistrate Judge erred by not having awareness of Defendants' failure to file motions to set aside the default. (*Id.* at p. 7.)

 In accordance with the preference that "defaults be avoided and that claims and defenses be disposed of on their merits," the court agrees with the Magistrate Judge that entry of default should not be made against either Ocwen or LaSalle. The timely filing of a Fed. R. Civ. P. 12 motion to dismiss by LaSalle and the failure of Ocwen to be properly served are appropriate reasons within the court's discretion to not enter default. *U.S. ex rel. Knight v. Reliant Hospice, Inc.*, C/A No. 3:08–03724–CMC–JRM, 2011 WL 6130539, at *1 (D.S.C. Nov. 8, 2011) (In deciding whether to direct that entry of default be made as to a party, a district court must exercise "sound discretion."). Accordingly, the court denies Plaintiff's motion for entry of default against Defendants.

## 2. *LaSalle's Motion for Sanctions*

LaSalle moves pursuant to Fed. R. Civ. P. 11 for dismissal of Plaintiff's action with prejudice, a pre-filing injunction banning Plaintiff from filing further actions in federal court, and reasonable attorneys' fees incurred in defending against Plaintiff's frivolous lawsuits. (ECF No. 51, p. 1.) LaSalle contends that (1) Plaintiff has a long history of abusing the state and federal judicial systems with her meritless and vexatious filings, (2) the current lawsuit is Plaintiff's ninth attempt at preventing or otherwise disputing the lawful foreclosure sale of the Property, (3) Plaintiff has filed a total of seven bankruptcy actions in the United States Bankruptcy Court for the District of South Carolina admittedly as an attempt to save her property, (4) the United States Bankruptcy Court for the District of South Carolina banned Plaintiff from filing any further actions for a period of one year, (5) Plaintiff has filed additional state court actions as to other pieces of property, and (6) Plaintiff includes baseless allegations in her current litigation, including requesting criminal penalties against LaSalle. (*Id.* at pp. 2–10.)

Upon his review, the Magistrate Judge recommended denying LaSalle's motion for sanctions without prejudice. (ECF No. 79, p. 24.) The Magistrate Judge concluded that, notwithstanding LaSalle's details of allegedly frivolous actions filed by Plaintiff in other courts, a finding of frivolousness could not be made regarding any of Plaintiff's previous filings in this court and Plaintiff lacked receipt of a warning regarding the consequences of filing frivolous actions in this court. (*Id.*) In this regard, the Magistrate Judge did advocate warning Plaintiff that filing future frivolous actions may result in appropriate sanctions against Plaintiff including any sanctions available under Fed. R. Civ. P. 11. (*Id.*)

 LaSalle did not file objections to the Magistrate Judge's recommendation that its motion for sanctions be denied. In

the absence of specific objections to the report of the Magistrate Judge, the court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, the court agrees with the Magistrate Judge that LaSalle's motion for sanctions should be denied.

### 3. *Defendants' Motions to Dismiss*

LaSalle moves to dismiss Plaintiff's complaint asserting that (1) Plaintiff's claims are barred by res judicata; (2) the complaint fails to state a claim upon which relief can be granted; (3) the complaint fails to state a plausible cause of action; and (4) the Complaint fails to plead fraud with the required specificity. (ECF No. 21–1.) Ocwen contends that it is entitled to dismissal because (1) the complaint fails to meet the minimum federal pleading standard; (2) Plaintiff's claims are barred by res judicata; (3) Plaintiff failed to rescind the note within three days of her closing date such that her right to rescind is time barred; (4) Plaintiff failed to file a rescission action within three years of the closing date such that her rescission action is time barred; (5) Plaintiff is not entitled to recover for emotional distress; (6) Plaintiff fails to state a claim for deceptive and unfair practices; (7) Plaintiff fails to state a claim for gross negligence; (8) Plaintiff fails to plead fraud or fraudulent transfer with the specificity required, and (9) Plaintiff fails to state a valid claim for declaratory judgment. (ECF No. 61–1.)

#### a. *Res Judicata*

Defendants contend that this action is barred by the doctrine of res judicata. (ECF Nos. 21–1, pp. 5–7; 61–1, pp. 7–9.) Plaintiff argues that this action is not barred because her action in state court is on appeal such that there is no final judgment and res judicata does not apply. (ECF No. 76, p. 3.)

Upon his review, the Magistrate Judge concluded that res judicata bars this action as all three elements of the test for res judicata have been met. (ECF No. 79, p. 12.) The Magistrate Judge specified that to establish res judicata, a defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit. (*Id.* (citing *Riedman Corp. v. Greenville Steel Structures, Inc.,* 308 S.C. 467, 419 S.E.2d 217, 218 (1992)).) In this regard, the Magistrate Judge found that Plaintiff did not dispute that the first two elements were met. (*Id.*) Further, the third element was met because the judge in the state court action granted the motion for summary judgment, which satisfies the requirement of an adjudication on the merits of the case, and the South Carolina Court of Appeals affirmed the state court's decision. (*Id.* at p. 13.) Alternatively, the Magistrate Judge recommended dismissing the action against Defendants because the court should not interfere with the ongoing state proceedings. (*Id.* at p. 14 (citing *Bellotti v. Baird,* 428 U.S. 132, 143 n. 10, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976) (recognizing that abstention may be raised sua sponte)).) Based on the foregoing, the Magistrate Judge recommended granting Defendants' motions to dismiss the complaint.

In her objections to the Magistrate Judge's recommendation, Plaintiff asserts that res judicata does not apply to this matter because her state court case is still pending without a final determination having been made. (ECF No. 84, p. 15.) Plaintiff argues that this case clearly does not satisfy all the elements to establish res judicata "because the judgment is not final" and she has not been "given full and fair opportunity to be heard on the issue." (*Id.* at p. 16.)

The court agrees with the Magistrate Judge that the three elements of res judicata are clearly present. First, a final judgment has been entered on the merits against Plaintiff in at least two prior civil actions, *Lasalle Bank v. Laura Toney,* Case No.2005–CP–31–169 and *Laura A. Toney v. Ocwen Federal Bank,* Case No.2010–CP–31–180. (*See* ECF Nos. 1–1, pp. 34–43; 51–3, pp. 1–6.) *See also Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1181 (4th Cir.1989) (noting that grants of summary judgment are considered "on the merits" for the purposes of res judicata). Second, the allegations contained in the instant complaint stem from the same set of facts that gave rise to Plaintiff's claim for relief in Case No. 2005–CP–31–169 and Case No. 2010–CP–31–180, *i.e.,* Defendants' entitlement to foreclosure of the Property versus Plaintiff's attempt to prevent the foreclosure of the Property. (*Id.*) Finally, the parties in this matter are the same entities as the ones in the prior foreclosure matters. (*Id.*) Based on the foregoing, Plaintiff is not entitled to maintain her action in this court because her issues have been raised and litigated in prior actions. Accordingly, Defendants are entitled to dismissal of the complaint against them based on res judicata.

### b. *Defendants' Other Arguments in support of Dismissal*

As this court finds that the instant action is barred by res judicata, it is unnecessary to address Defendants' remaining arguments in support of dismissal.

## III. CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** the motions to dismiss Plaintiff's complaint of LaSalle and Ocwen. (ECF Nos. 21, 61.) The court further **DENIES** LaSalle's motion for sanctions without prejudice and Plaintiff's motions for entry of default. (ECF Nos. 20, 27, 28, 51.) The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

JOSEPH R. McCROREY, United States Magistrate Judge.

The *pro se* Plaintiff, Laura Toney, filed this action on July 13, 2011.[1] Plaintiff appears to assert claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.,* as well as claims under South Carolina law. Defendants in this action are LaSalle Bank National Association, as Trustee for the registered holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2004–11 ("LaSalle") and Ocwen Federal Bank, also known as AltiSource Homes ("Ocwen").[2] Plaintiff filed motions for entry of default against Ocwen on October 19 and 25, 2011. Ocwen filed a

---

1. Pretrial matters in this case were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(e) DSC. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

2. LaSalle was originally named as LaSalle Bank National Association, Trustee for Lehman Brothers Secured Asset Investment Loan Trust Sail 2005. Plaintiff filed a motion to amend (on January 11, 2012) the name of this Defendant (as identified by Defendant La-

Salle's in its motion to dismiss), which the undersigned granted on March 20, 2012. Defendant Ocwen asserts that it has been misidentified and that its correct name is Ocwen Loan Servicing, LLC. *See* Docs. 60 and 61. Ocwen also has stated it will accept service of an amended summons and amended complaint that reflects its corrected name. Plaintiff has not filed a motion to amend Ocwen's name.

response on April 6, 2012, and Plaintiff filed a reply on April 16, 2012. Plaintiff filed a motion for entry of default against LaSalle on October 25, 2011, LaSalle filed responses on November 1 and 7, 2011, and Plaintiff filed replies on November 8 and 15, 2011.[3]

LaSalle filed a motion to dismiss on October 21, 2011. As Plaintiff is proceeding pro se, an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975) was issued on October 24, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, Defendant LaSalle's motion may be granted, thereby ending her case against LaSalle. Plaintiff filed responses on October 25 and 28, and November 2, 2011; LaSalle filed a reply on November 7, 2011; and Plaintiff filed a sur-reply on November 8, 2011. A hearing on pending motions was held before the undersigned on March 20, 2012.

After the hearing, Defendant Ocwen filed a motion to dismiss on April 6, 2012 (and it filed a response to the motions for default as detailed above). Another *Roseboro* order was issued on April 10, 2012. Plaintiff filed a response on May 14, 2012.

## BACKGROUND

Plaintiff refinanced her house located in Bishopville, South Carolina ("the Property") on October 6, 2004. During the closing, Plaintiff entered into and received a mortgage[4] which was secured by the Property. On June 14, 2005, Plaintiff sent an unsigned letter to "Owen Federal Bank FSB" (*see* attachment to Complaint), which she asserts is a letter sent to Defendant Ocwen stating her intention to rescind the loan because of alleged federal disclosure violations that occurred during the processing of the loan. Plaintiff claims that, prior to closing, she did not receive the disclosures required by TILA. On or around July 2005, Defendant LaSalle, which had been assigned the mortgage, filed a foreclosure action against Plaintiff.[5] Plaintiff filed, through counsel, an answer and counterclaim (alleging a TILA violation) in the state foreclosure action on August 17, 2005. Thereafter, Defendant LaSalle filed a motion for summary judgment. Plaintiff states that the first reply to her rescission letter was on October 19, 2005 (*see* Doc. 52, p. 9). On February 16, 2007, a foreclosure hearing was held in the absence of Plaintiff or her attorney. Plaintiff asserts that her attorney was not there because he was a member of the South Carolina General Assembly and could not be present as the General Assembly was in session that day. Plaintiff claims that a request to reschedule the hearing was submitted on her behalf by her attorney, but the hearing was held as previously scheduled. The judge presid-

---

3. On March 22, 2012, 2012 WL 988061, the Honorable Margaret B. Seymour, Chief United States District Judge, District of South Carolina, denied Plaintiff's motion for a temporary injunction and request for a hearing for a preliminary and permanent injunction. Plaintiff, on April 2, 2012, filed a Notice of Appeal to the Court of Appeals for the Fourth Circuit, as to Judge Seymour's order. *See* Doc. 62.

4. It appears the original mortgage was with Finance America., LLC. The mortgage was later assigned to LaSalle. The servicing was assigned in October 2004 (effective December 1, 2005) to Ocwen Federal Bank FSB. *See* Attachments to Complaint (Doc. 1) and to Plaintiff's April 16, 2012 Response (Doc. 70).

5. In a pleading filed July 20, 2011 (prior to Plaintiff bringing this action into proper form), Plaintiff appears to attempt to remove the state foreclosure action to this Court. Any such attempt, however, is untimely. *See* 28 U.S.C. § 1446.

ing over the foreclosure hearing granted summary judgment in favor of Defendant LaSalle and found that:

The Defendant Laura Toney alleges that she rescinded the loan by letter dated June 12, 2005. Pursuant to Title 15 Section 1635 of the U.S. Code, the obligor in a real estate secured consumer credit transaction shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms. The loan closing occurred on October 6, 2004, at which time the Defendant was provided the information and rescission forms. (Affidavit of Michael May filed March 29, 2006; Affidavit of Letia Benjamin). The information and rescission forms are signed by the Defendant Laura Toney to acknowledge that she was provided a copy of each at closing. Therefore, the Defendant's counterclaim that she rescinded the loan is without merit on its face since it is well outside the time to rescind permitted by law.

Additionally, the judge found that Plaintiff was allowed to select her own closing attorney, and her allegations of entitlement to rescission were without merit and outside the time period for rescission as a matter of law. *See* March 9, 2007 Master's Order and Judgement of Foreclosure and Sale (Attachment to Doc. 1—Complaint).

On March 22, 2007, Plaintiff filed an application for a temporary restraining order, preliminary injunction, and permanent injunction in state court. On April 25, 2007, Plaintiff filed a motion for reconsideration of the foreclosure decision. On April 27, 2007, a notice of eviction was filed against Plaintiff. On May 7, 2007, the Property was sold at an auction to Defendant LaSalle. At some point after the sale, Plaintiff's motions were denied and she filed an appeal with the South Carolina Court of Appeals, which affirmed the lower court's decision. Plaintiff then appealed the state court action to the Supreme Court of South Carolina. It appears the appeal is still pending. Plaintiff has been evicted from the Property.

## MOTIONS FOR DEFAULT JUDGMENT

On October 25, 2011, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 55(a) for entry of default against Defendant LaSalle. She argues that the Summons and Complaint and her motion for injunction were filed on July 13, 2011; LaSalle was mailed an Order to answer the Summons and Complaint and motion for injunction; LaSalle was served with a copy of the Summons and Complaint and motion for injunction; an answer to the Complaint and motion for injunction were due on October 3, 2011; and LaSalle failed to appear, plead, or otherwise defend and is in default. LaSalle argues that Plaintiff's motion should be denied because it timely filed a motion to dismiss.

It is recommended that Plaintiff's motion for default as to LaSalle be denied. Plaintiff asserts that LaSalle's answer was due on October 3, 2011. She did not specify in her motion the date on which LaSalle was allegedly served. In a previous pleading, she asserted that LaSalle was served on September 19, 2011. *See* Doc. 17. Rule 12 provides that generally a defendant must serve a responsive pleading within twenty-one days after being served with the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Thus, if LaSalle was served on September 19, 2011, its answer was due on October 11, 2011 (October 10, 2011 was a federal holiday). On October 7, 2011, LaSalle filed a timely motion to extend the time to file its answer until October 21, 2011, and the motion was

granted on October 11, 2011. Thereafter, LaSalle timely filed a motion to dismiss on October 21, 2011. When a motion to dismiss under Rule 12 is filed, however, the time for the responsive pleading is altered (if the court denies the motion to dismiss, "the responsive pleading must be served within 14 days after notice of the court's action"). Fed. R. Civ. P. 12(a)(4)(A).

On October 19, 2011, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 55(a) for entry of default against Defendant Ocwen. She argues that the Summons and Complaint were filed on July 13, 2011; Ocwen was served with a copy of the Summons and Complaint; an answer was due on October 3, 2011; and Ocwen failed to appeal, plead, or otherwise defend within the time allowed and is in default. On October 25, 2011, Plaintiff filed a second motion for entry of default against Ocwen in which she reiterates her arguments from her earlier motion and also argues that Ocwen failed to respond to her motion for an injunction.

Ocwen, in a response filed April 6, 2012, argues that Plaintiff's motion for default judgment should be denied because its answer was filed prior to entry of default; Ocwen Loan Servicing, the proper party to this suit, is a wholly different entity from "Ocwen Federal Bank," and thus alleged service on "Ocwen Federal Bank" did not constitute service on Ocwen Loan Servicing; even if Plaintiff had named an existing entity called "Ocwen Federal Bank," service of process was not properly effected pursuant to applicable law; entry of judgment by default is a drastic remedy which should be used only in extreme situations; and entry of default judgment against the non-existent "Ocwen Federal Bank" should not be granted because it is a nullity.

It is recommended that Plaintiff's motions for entry of default against Ocwen be denied as she has not shown that Ocwen was properly served or that the correct entity was named in the Complaint. Ocwen has now filed an answer and asserts that it will accept service of an amended summons and complaint as to its correct name of Ocwen Loan Servicing, LLC. Rule 55(a) provides

**Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Although Plaintiff asserts in her affidavits accompanying her motions for default that Ocwen Federal Bank was served with a copy of the Summons and Complaint, there is nothing in the affidavits indicating when this Defendant was served. *See* Docs. 20 and 27. Review of the record reveals that Plaintiff filed purported service documents on October 7, 2011. Plaintiff attached a copy of two United States Postal Service "Domestic Return Receipt" forms indicating that "Ocwen Federal Bank A/K/A AltiSource Homes" was served by certified mail at "P.O. Box 24237 West Palm Beach, Fl 33416–4737" and "12650 Ingenuity Drive, Orlando, Florida, 32826 on September 15, 2011." *See* Doc. 17.

Ocwen asserts that it was not properly served. The Federal Rules of Civil Procedure provide, in pertinent part:

**Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(i). Service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Under South Carolina law, a corporation is served:

by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

S.C.R.Civ. P. 4(d)(3). The South Carolina Rules of Civil Procedure also provide that service on a corporation may be made "by registered or certified mail, return receipt requested and **delivery restricted to the addressee.**" S.C.R.Civ. P. 4(d)(8) (emphasis added).

Here, the return receipts reveal that delivery was not restricted to the addressee such that service by certified mail was not proper under South Carolina law. The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070(e). A corporation may be served by serving process on the president, vice president, cashier, treasurer, secretary, general manager, any director, or any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). As an alternative, process may be served on the agent designated by the corporation as its registered agent. *Id.* Fl. Stat. § 48.081(3)(a). The Florida Rules of Civil Procedure provide for service of process by certified mail, but only if the defendant agrees to waive personal service. Fla. R. Civ. P. 1.070(i). There is no indication that Plaintiff received a waiver or served Defendants in accordance with the Florida Rules of Civil Procedure.

### *MOTIONS TO DISMISS*

Plaintiff alleges that Defendants violated her rights under TILA and also appears to allege claims under South Carolina law. She claims that she did not receive certain required federal disclosures at the time of closing, including "choice of attorney notification, settlement statement, and good faith estimate." Complaint, Para. 7. She alleges that Defendants' failure to make proper disclosures and their failure to respond to her notice of rescission within twenty days of receipt resulted in Defendants losing their security interest in the Property. Plaintiff also claims that Defendants' failure to timely respond to her notice of rescission reinstated her interest in the Property and relieved her obligations under the original loan. Defendant LaSalle contends that its motion to dismiss should be granted because: (1) Plaintiff's claims are barred by res judicata; (2) the Complaint fails to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)); (3) the Complaint fails to state a plausible cause of action; and (4) the Complaint fails to plead fraud with the specificity required (Fed. R. Civ. P. 9(b)).

Ocwen contends that its motion to dismiss should be granted because: (1) the Complaint fails to meet the minimum federal pleading standard (Fed. R. Civ. P. 8); (2) Plaintiff's claims are barred by res judicata; (3) Plaintiff failed to rescind within three days of her closing date such that her right to rescind is time barred; (4) Plaintiff failed to file a rescission action within three years of the closing date such that her rescission action is time barred; (5) Plaintiff is not entitled to recover for emotional distress; (6) Plaintiff fails to state a claim for deceptive and unfair practices; (7) Plaintiff fails to state a claim for gross negligence; (8) Plaintiff fails to plead fraud or fraudulent transfer with the specificity required, and (9) Plaintiff fails to state a valid claim for declaratory judgment. Plaintiff argues that the motions to dismiss should be denied because: (1) Defendants are in default for failing to timely file answers and responses to her previous motion for injunctive relief; [6] (2) Defendant Ocwen did not file its motion to dismiss until after it filed its answer in violation of Fed. R. Civ. P. 12; (3) this action is not barred by the doctrine of res judicata because the state action is on appeal and thus is still pending; and (4) she has properly asserted her claims.

 Defendant Ocwen did not file its motion to dismiss until after it filed its answer. Generally, a Rule 12(b)(6) motion to dismiss should be filed before a responsive pleading is filed. After the close of pleading, a Rule 12(c) motion (or a Rule 56 motion for summary judgment) is used to test the sufficiency of the complaint. However, the timing and sequence of these filings is not fatal to Ocwen's motion. "(A) motion to dismiss for failure to state a claim ... that is styled as arising under Rule 12(b) but is filed after the close of pleading, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir.2001); *see also Satkowiak v. Bay County Sheriff's Dep't*, 47 Fed.Appx. 376, 377 n. 1 (6th Cir.2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999); *Shooting Point, L.L.C. v. Cumming*, 238 F.Supp.2d 729, 735 (E.D.Va.2002). Thus, the undersigned construes Defendant Ocwen's motion to dismiss as a motion for judgment on the pleadings.

### 1. Standard of Review

 The federal court is charged with liberally construing the complaints filed by *pro se* litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir.1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

 "[A] motion under Rule 12(c) ... is assessed under the same standard that applies to a Rule 12(b)(6) motion." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir.2009) (citing *Edwards*, 178 F.3d at 243). When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in

---

**6.** It is recommended this argument be rejected as Plaintiff's motion for injunctive relief was previously denied and it is recommended that the motions for default be denied.

a light most favorable to the plaintiff. *Ostrzenski v. Seigel,* 177 F.3d 245, 251 (4th Cir.1999). The United States Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

### 2. *Res Judicata*

Defendants contend that this action is barred by the doctrine of res judicata. Plaintiff argues that this action is not barred because her action in state court is on appeal such that there is no final judgment and res judicata does not apply.

▆▆▆ Pursuant to 28 U.S.C. § 1738, state judicial proceedings shall have the same full faith and credit in every court within the United States as they have in the courts of the state from which they are taken. As a result, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Mi-*

*gra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Thus, South Carolina law of claim preclusion (also called res judicata) must be applied to determine the effect of the South Carolina judgment.

▆▆▆ In South Carolina "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." *Hilton Head Ctr. of South Carolina, Inc. v. Public Serv. Comm'n of South Carolina,* 294 S.C. 9, 362 S.E.2d 176, 177 (1987). South Carolina courts use various tests in determining whether a claim should have been raised in a prior suit: "(1) when there is identity of the subject matter in both cases; (2) where the cases involve the same primary right held by the plaintiff and one primary wrong committed by the defendant; (3) when there is the same evidence in both cases; and [ ] (4) when the claims arise out of the same transaction or occurrence." *Plum Creek Dev. Co., Inc. v. City of Conway,* 334 S.C. 30, 512 S.E.2d 106, 109 n. 3 (1999) (citing J. Flanagan, *South Carolina Civil Procedure* 649–650 (1996)). To establish res judicata, the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit. *Riedman Corp. v. Greenville Steel Structures, Inc.,* 308 S.C. 467, 419 S.E.2d 217 (1992); *Sealy v. Dodge,* 289 S.C. 543, 347 S.E.2d 504 (1986).

Here, res judicata bars this action as all three elements of the test for res judicata have been met as shown by Plaintiff's Complaint and exhibits. Plaintiff does not appear to dispute that the first two elements (identity of the parties and identity of subject matter) are met. Although Plaintiff appears to slightly change the name of the trust that held her mortgage, the attachments to her Complaint indicate

that she is referring to the same entities in the prior action. The foreclosing party was "LaSalle Bank National Association, as Trustee for the registered holders of Structured Asset Securities Corporation, Structured Asset investment Loan Trust, Mortgage pass-Through Certificates, Series 2004–11." Plaintiff asserts her claims against Ocwen as a successor or assignee.

The subject matter is the same in both lawsuits. If the primary right and duty and alleged wrong are the same in each action, there is an identity of subject matter. *See Jimmy Martin Realty Group, Inc. v. Fameco Distrib., Inc.*, 300 S.C. 192, 386 S.E.2d 803 (S.C.Ct.App.1989). Plaintiff sought to prevent foreclosure of her home in Lee County, South Carolina in the state action and asserted a counterclaim for rescission, and seeks to have the foreclosure overturned and undone in the current action.

■■■ The third element is met because the judge in the state court action granted the motion for summary judgment[7] and the South Carolina Court of Appeals affirmed the decision. Plaintiff argues that this action is not barred by res judicata because the action is still pending in state court, as she has appealed her state court case to the Supreme Court of South Carolina. The Supreme Court of South Carolina, however, would likely hold "that a judgment is final for preclusion purposes in South Carolina during the pendency of an appeal." This view is in accordance with the majority rule among state courts. *See Campbell v. Lake Hallowell Homeowners Ass'n*, 157 Md.App. 504, 852 A.2d 1029, 1039–40 (Md.Ct.Spec.App.2004) (listing various state court cases demonstrating the majority view). Furthermore, this district has previously found that the Supreme Court of South Carolina would

adopt the majority position. *Sea Cabin on the Ocean IV Homeowners Ass'n v. City of N. Myrtle Beach*, 828 F.Supp. 1241, 1249 n. 20 (D.S.C.1993); *Dawson v. State Law Enforcement Div.*, CA No. 3:91–1403–17, 1992 WL 208967 at *3–4 (D.S.C. Apr. 6, 1992). Therefore, it is recommended that Defendants' motions to dismiss based on res judicata be granted as the a trial court adjudication is final while pending appeal.

■■■ Alternatively, it is recommended that this action be dismissed because this Court should not interfere with the ongoing state proceedings. Abstention may be raised *sua sponte*. *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976).

■■■ The Supreme Court of the United States has held that a federal court should not equitably interfere with state proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.1996). In *Younger*, the Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44, 91 S.Ct. 746. While the *Younger* doctrine was originally applied to protect state interests represented in criminal prosecutions, the Supreme Court has extended *Younger* to prescribe abstention in favor of state civil actions as well, when important state interests are at stake. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). The Fourth Circuit applies the following test to determine whether *Younger* abstention is appropriate: (1) whether there is an ongoing state judicial proceeding; (2) whether the pro-

---

**7.** Summary judgment is an adjudication on the merits of the case. *See Baird v. Charles-*

*ton County,* 333 S.C. 519, 511 S.E.2d 69, 74 (1999).

ceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise federal claims. *Richmond Rail Co. v. Forst,* 4 F.3d 244, 251 (4th Cir.1993).

■■■ Here, Plaintiff asserts that there is an ongoing state judicial proceeding. There is an important state interest in adjudicating foreclosure matters pertaining to real property located within a state. *See Shaffer v. Heitner,* 433 U.S. 186, 207–208, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders[ ] and in providing a procedure for peaceful resolution of disputes about the possession of that property") (footnote omitted); *see also Sergeon v. Home Loan Ctr., Inc.,* No. 3:09–CV–01113–J–32JBT, 2010 WL 5662930 (collecting cases applying *Younger* abstention in light of a pending state foreclosure proceeding); *Borkowski v. Fremont Inv. & Loan of Anaheim, Cal.,* 368 F.Supp.2d 822, 828 (N.D.Ohio 2005) (applying *Younger* abstention in the context of a pending state foreclosure proceeding); *Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua,* 304 F.Supp.2d 1245, 1262 (D.Haw.2003) (finding that foreclosure and ejectment proceedings were important state interests under *Younger* ).[8] Finally, Plaintiff has an adequate opportunity to raise her federal (TILA) claims in the state court proceedings.

### 3. *Failure to State a Claim Upon Which Relief May be Granted*

Defendants contend that Plaintiff fails to state claims upon which relief may be granted and that Plaintiff's claims fail as a matter of law. Plaintiff appears to assert that she has alleged sufficient facts such that her claims should survive the motions to dismiss.

### a. *TILA*

Defendants contend that Plaintiff fails to state a sufficient claim for violations of TILA because the alleged non-disclosures were non-material, limiting Plaintiff's right to rescind to three days. They also argue that even if the non-disclosures were material, Plaintiff failed to file this action within the three-year period. Plaintiff appears to argue that the non-disclosures were material and she timely filed her TILA claim because she filed her counterclaim in the state court action within three years of the closing.

The right to rescind a loan under TILA for failure to disclose extends up to three days after consummation of the loan, unless the items left undisclosed are material. *See* 12 C.F.R. § 226.23(a)(3); 15 U.S.C. §§ 1631, 1632, 1635, 1638. If the non-disclosures are material, the borrower's right to rescind a transaction pursuant to TILA expires after three years. *See* 12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, which occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this chapter have not been delivered to the

---

**8.** In her memorandum in opposition to summary judgment, Plaintiff claims that Defendants violated S.C. Code Ann § 37–10–102 (providing that a lender must ascertain prior to closing the preferred attorney to represent the debtor in matters related to the closing) and § 37–10–105 (providing the penalties for the failure to obtain the attorney preference). These claims are not properly before the Court as they were not alleged in the Complaint and Plaintiff has not amended her Complaint to add such claims. Further, these statutes do not permit rescission of the Note and Mortgage for its violation. *See* S.C. Code Ann. § 37–10–105(A).

obligor...."). The required material disclosures include, among other things, the annual percentage rate, the amount financed, the method of determining the finance charge, and the amount of the finance charge. *See* 12 C.F.R. § 226.23(a)(3) n. 48; 15 U.S.C. § 1601(a), § 1635(f), § 1639(a).

■ Plaintiff has not alleged any material non-disclosures which would trigger the longer (three-year) statute of limitations period. Although Plaintiff claims that she did not receive certain required documents within three days of her loan application,[9] she admits (*see, e.g.,* Doc. 76 at 8) that she received the required disclosures on the date of her closing. She attached copies of disclosures signed by her on the date of closing (October 6, 2004) including a Good Faith Estimate, Truth–In–Lending Disclosure Statement, and Attorney Preference form. *See* Attachments to Doc. 7. The judge in the state court case specifically found that Plaintiff was provided the required information and rescission forms. Plaintiff has not alleged an attempt to rescind within three days of the closing (October 6, 2004), such that her right to rescission is time barred.

Defendants contend that even if the non-disclosures are material, Plaintiff failed to file her rescission action in this Court within three years of the closing date, such that her rescission action is time barred. Plaintiff appears to claim that she timely filed because she filed the counterclaim in her state court action within three years of the closing of her loan.

■ The Fourth Circuit, in the recent decision of *Gilbert v. Residential Funding, LLC,* 678 F.3d 271, 275–77 (4th Cir.2012), held that the borrowers' letter to their lender within three years of the transaction, rather than the filing of any suit, is all that is required for notice of rescission under TILA. Here, in the light most favorable to Plaintiff for purposes of the motions to dismiss, Plaintiff exercised her right to rescind when she notified Ocwen that she was exercising her right to rescind in June 2005. As noted by the Fourth Circuit:

> To complete the rescission and void the contract, however, more is required. Either the creditor much "acknowledge[ ] that the right of rescission is available" and the parties must unwind the transaction amongst themselves, or the borrower must file a lawsuit so that the court may enforce the right to rescind.

*Gilbert v. Residential Funding, LLC,* 678 F.3d at 277 (quoting *American Mortg. Network, Inc. v. Shelton,* 486 F.3d 815, 821 (4th Cir.2007)).[10]

Thus, in the light most favorable to Plaintiff, she exercised her right to rescind within the three-year period. She, however, failed to timely file this action alleging a TILA violation. There is a one-year statute of limitations for filing a suit once a violation of TILA has occurred. 15 U.S.C. § 1640(e). Whether the alleged TILA violation occurred at closing (October 6, 2004), when Plaintiff mailed the notice of

---

9. There are signed disclosures dated August 11, 2004 included in the record. Plaintiff claims that her signatures on these documents are forgeries. *See* Attachments to Doc. 7 and Doc. 1 (Complaint). She has not, however, disputed that she signed disclosures on the date of her closing.

10. "[U]nilateral notification of cancellation does not automatically void the loan contract." *Shelton,* 486 F.3d at 821. "[O]therwise a borrower could get out from under a secured loan simply by claiming TILA violations, whether or not the lender had actually committed any." *Id.* (Quoting *Yamamoto v. Bank of N.Y.,* 329 F.3d 1167, 1172 (9th Cir. 2003)) (internal quotation marks omitted).

recision (June 14, 2005), or when Plaintiff claims she first received a reply to her notice of recision (October 19, 2005), she filed this action well over one year later.

### b. *Emotional Distress*

Plaintiff alleges that she is entitled to damages for severe emotional distress and mental anguish due to an unspecified Defendant's alleged refusal to acknowledge her rescission notice. Defendants contend that Plaintiff fails to allege facts that would establish that Defendants' conduct was outrageous. They also contend that Plaintiff fails to state a claim for negligent infliction of emotional distress. In her reply, Plaintiff appears to assert that she has stated a claim for intentional infliction of emotional distress because she had to take medications for stress and anxiety as a result of being evicted, property was destroyed or missing as a result of the eviction, and her house and property have sentimental value.

South Carolina expressly recognized the cause of action of intentional infliction of emotional distress, sometimes referred to as "outrage," in *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981). To recover under the tort of outrage, a plaintiff must establish the following elements:

(1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct;

(2) the conduct was so "extreme and outrageous" as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community";

(3) the actions of the defendant caused the plaintiff's emotional distress; and

(4) the emotional distressed suffered by the plaintiff was "severe" so that "no reasonable man could be expected to endure it."

*Id.*, at 778 (quoting *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148 (Me.1979)) (internal citations omitted); *see also Wright v. Sparrow*, 298 S.C. 469, 381 S.E.2d 503, 505 (S.C.Ct.App.1989). In considering the defendant's motion for summary judgment, the court must initially determine whether the conduct complained of " 'may reasonably be regarded as so extreme and outrageous as to permit recovery, and only where reasonable persons may differ is the question one for the jury.' " *Holtzscheiter v. Thomson Newspapers, Inc.*, 306 S.C. 297, 411 S.E.2d 664, 666 (1991), overruled on other grounds, 332 S.C. 502, 506 S.E.2d 497 (1998) (quoting *Todd v. South Carolina Farm Bureau Mut. Ins. Co.*, 283 S.C. 155, 321 S.E.2d 602, 609 (S.C.Ct.App. 1984), quashed on other grounds, 287 S.C. 190, 336 S.E.2d 472 (1985)); *see also Barber v. Whirlpool Corp.*, 34 F.3d 1268, 1276 (4th Cir.1994) ("It is the court's responsibility to first determine as a matter of law whether or not the conduct was outrageous before submitting that question to the jury."). Here, Plaintiff has not asserted facts that would establish that Defendants' conduct was sufficiently outrageous or intolerable so as to support a reasonable finding of outrage or intentional infliction of emotional distress. Further, Plaintiff has not asserted facts that the alleged conduct was so severe that no person could be expected to endure it.

Plaintiff also fails to establish a claim for negligent infliction of emotional distress. South Carolina law generally requires proof of physical injury for the recovery of mental anguish and emotional distress. *See Phillips v. United States*, 575 F.Supp. 1309, 1317 (D.S.C.1983) (" [E]motional distress is a proper element of tort damage as long as such distress encompasses some physical manifesta-

tion.'" (quoting *Robertsen v. State Farm Mut. Auto. Ins. Co.,* 464 F.Supp. 876, 883 n. 9 (D.S.C.1979))). Here, Plaintiff has not shown any physical injury as a result of Defendants' alleged conduct. South Carolina courts have allowed claims for negligent infliction of emotion distress which are limited to claims of bystander liability. *Doe v. Greenville County School Dist.,* 375 S.C. 63, 651 S.E.2d 305, 307 (2007). To establish a claim for negligent infliction of emotional distress a plaintiff must establish: defendant's negligence caused death or serious injury to another, plaintiff was a bystander in close proximity to the accident, plaintiff and the victim were closely related, plaintiff witnessed the incident and plaintiff must exhibit physical manifestations of emotional distress that can be established by expert testimony. *Kinard v. Augusta Sash & Door Co.,* 286 S.C. 579, 336 S.E.2d 465, 467 (1985). Here, Plaintiff has not sufficiently alleged a claim for bystander liability.

### c. *Deceptive and Unfair Practices*

Plaintiff claims that she has a right to recover for deceptive and unfair practices. Defendants contend that Plaintiff fails to identify any specific cause of action or legal grounds on which she could recover. They argue that to the extent that Plaintiff is attempting to make an allegation under the South Carolina Unfair Trade Practices Act ("SCUPTA"), §§ 39–5–10, *et seq.,* Plaintiff has not alleged or asserted any facts showing that Defendants' action adversely affected a public interest. In reply, Plaintiff claims she has stated a claim based on the definition of an unfair practice by the FDIC (but does not specify the legal grounds on which she can recover).

The SCUTPA broadly prohibits any "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20. In order to bring an action under the SCUTPA, the plaintiff must demonstrate that (1) the defendant engaged in an unlawful trade practice, (2) the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest. *See* S.C. Code Ann. § 39–5–140; *Havird Oil Co. v. Marathon Oil Co., Inc.,* 149 F.3d 283, 291 (4th Cir.1998); *Daisy Outdoor Advertising Co., Inc. v. Abbott,* 322 S.C. 489, 473 S.E.2d 47, 49 (1996).

Here, Plaintiff fails to state a claim under the SCUTPA because she has not alleged that a public interest is affected. The SCUTPA is not available to redress a private wrong where the public interest is unaffected. *Noack Enterprises v. Country Corner Interiors,* 290 S.C. 475, 351 S.E.2d 347 (S.C.Ct.App.1986). Conduct which only affects the parties to the transaction provides no basis for a SCUTPA claim. *See Key Co. v. Fameco Distribs., Inc.,* 292 S.C. 524, 357 S.E.2d 476 (S.C.Ct.App.1987).

### d. *Gross Negligence*

Plaintiff appears to allege that Defendants were grossly negligent in failing to provide documents required by TILA, exercising good faith in its dealings, and failing to disclose truthful and accurate information. Defendants contend that Plaintiff fails to establish a claim for gross negligence because her action is predicated on an alleged breach of contract.

Gross negligence is defined as "the failure to exercise slight care," or the "intentional, conscious failure to do something which it is incumbent upon one to do

or the doing of a thing intentionally that one ought not to do." *Steinke v. South Carolina Dep't of Labor, Licensing and Regulation,* 336 S.C. 373, 520 S.E.2d 142, 153 (1999). Under South Carolina law, "if the cause of action is predicated on the alleged breach, or even negligent breach, of a contract between the parties, an action in tort will not lie." *Enhance-It, L.L.C. v. American Access Techns., Inc.,* 413 F.Supp.2d 626, 631 (D.S.C.2006) (citing *Meddin v. Southern Ry.-Carolina Div.,* 218 S.C. 155, 62 S.E.2d 109, 112 (1950)). Here, Plaintiff's negligence claim appears to arise from the mortgage contract such that she cannot establish a claim for gross negligence.

█ Further, Plaintiff fails to show a duty of care owed to her by Defendants. In South Carolina, a bank does not owe a customers a "special duty of care" based purely on his or her status as a customer. *Regions Bank v. Schmauch,* 354 S.C. 648, 582 S.E.2d 432, 444 (S.C.Ct.App.2003). Plaintiff has not shown any duty owed her by Defendants other than to follow the applicable laws. As noted above, Plaintiff admits and the judge in the state court action found that the required disclosures were made at the closing.

### e. *Fraud/Fraudulent Transfer*

█ Plaintiff appears to allege that Defendants made false representation in connection with the loan process and clos-

ing and they fraudulently foreclosed on the Property. Defendants contend that Plaintiff failed to plead fraud or fraudulent transfer with the specificity required.

█ Federal Rule 9 requires that a complainant plead fraud [11] with particularity. Fed. R. Civ. P. 9(b); *Pearlstine Distribs., Inc. v. Freixenet USA, Inc.,* 678 F.Supp. 133, 136 (D.S.C.1988). Under Rule 9, particularity of pleading is required "with regard to the time, place, speaker, and contents, as well as the manner in which statements are false and the specific acts raising an inference of fraud—the 'who, what, where, why, and when.'" *In re First Union Corp. Sec. Litig.,* 128 F.Supp.2d 871, 884 (W.D.N.C. 2001); *see also Lemacks v. Consolidated Freightways Corp.,* No. Civ.A. 1:95–2117–6, 1997 WL 998323, *3 (D.S.C. July 16, 1997) (holding that "averments of fraud must state the precise time and place of the fraud and the acts alleged to be fraudulent ... substantiated with particulars"). Plaintiffs "are forbidden from 'grouping defendants together without specifying which defendant committed which wrong'" and are required instead to "set forth with particularity each defendant's culpable conduct." *First Union,* 128 F.Supp.2d at 884.

Review of the Complaint reveals that Plaintiff failed to allege fraud with particularity. She has not alleged with specificity what representations were false, how these

---

**11.** To prove fraud under South Carolina Law, a plaintiff must prove the following elements by clear, cogent, and convincing evidence:
(1) a representation;
(2) its falsity;
(3) its materiality;
(4) either the speaker's knowledge of its falsity or a reckless disregard of its truth or falsity;
(5) the speaker's intent that the representation be acted upon;
(6) the hearer's ignorance of its falsity;
(7) the hearer's reliance on its truth;
(8) the hearer's right to rely thereon; and
(9) the hearer's consequent and proximate injury.
*Cheney Bros., Inc. v. Batesville Casket Co., Inc.,* 47 F.3d 111, 114 (4th Cir.1995); *King v. Oxford,* 282 S.C. 307, 318 S.E.2d 125 (S.C.App.1984). Failure to prove any element is fatal to the plaintiff's claim. *M.B. Kahn Constr. Co. v. South Carolina Nat'l Bank of Charleston,* 275 S.C. 381, 271 S.E.2d 414, 415 (1980).

alleged misrepresentations induced her to enter the mortgage transaction, why her reliance on the misrepresentations were reasonable, or how these misrepresentations caused her damage.[12]

### MOTION FOR SANCTIONS

■ On March 7, 2012, Defendant La-Salle filed a motion for sanctions pursuant to Fed. R. Civ. P. 11. This Defendant asks for dismissal of this action with prejudice, a pre-filing injunction banning Plaintiff from filing further action in federal court, and reasonable attorneys' fees incurred in defending Plaintiff's frivolous lawsuits. LaSalle contends that Plaintiff has a long history of abusing the state and federal judicial systems with her meritless and vexatious filings, that the current lawsuit is Plaintiff's ninth attempt at preventing or otherwise disputing the lawful foreclosure sale of the Property; Plaintiff has filed a total of seven bankruptcy actions in the United States Bankruptcy Court District of South Carolina admittedly as an attempt to save the Property and based on multiple improper filings, the United State Bankruptcy Court banned Plaintiff from filing any further actions for a period of one year; Plaintiff has filed additional state court actions as to other pieces of property; and Plaintiff includes baseless allegations in her current litigation including requesting criminal penalties against Defendant LaSalle. Plaintiff appears to argue that LaSalle's motion should be denied because she believed she had to file an action in Federal Court to address perceived unethical actions in state court and to assert her federal claims, she does not believe her claims are frivolous because she believes Defendants violated TILA, and she did not file this action to harass Defendants.

Although LaSalle details allegedly frivolous actions in other courts, it is unclear that any of her previous filings in this Court were frivolous [13] or that this *pro se* litigant has been warned of the consequences of filing such actions in this Court. It is, therefore, recommended that Defendant LaSalle's motion for sanctions be denied without prejudice. Plaintiff, however, is warned that filing future frivolous actions may result in appropriate sanctions against Plaintiff including any sanctions available under Fed. R. Civ. P. 11.

### CONCLUSION

Based on the foregoing, it is recommended that Plaintiff's motions for entry of default (Docs. 20, 27, and 28) be **denied;** Defendant LaSalle's motion to dismiss (Doc. 21) be **granted;** and Defendant Ocwen's motion to dismiss (motion for judgment on the pleadings) (Doc. 61) be **granted.** It is also recommended that Defendant LaSalle's motion for sanctions (Doc. 51) be **denied** without prejudice.

August 9, 2012

12. To the extent Plaintiff requests declaratory relief in this action, such relief should be denied as Plaintiff fails to state a claim upon which relief can be granted.

13. Plaintiff filed one previous action in this court which was dismissed for lack of subject matter jurisdiction after the parties stipulated that the amount in controversy did not exceed the jurisdictional amount (Civil Action Nos. 3:96–cv–02840–MJP), another action was re-moved to this court by the defendant and later remanded to the state court (3:97–cv–01287–DWS), and she was named as a defendant in a foreclosure action (as the personal representative to the estate of Maxie Lee Thomas) instituted by the United States (3:05–cv–03322–JRM). *Aloe Creme Laboratories, Inc. v. Francine Co.,* 425 F.2d 1295, 1296 (5th Cir. 1970) (This Court may take judicial notice of its own records.).